LOUISA SCHULZ, complainant and respondent,

*v.*

LOUISA ZIEGLER, defendant and appellant.

[Submitted March 25th, 1912.   Decided June 20th, 1912.]

1. The right of possession of husband and wife existing by virtue of an estate by the entireties as modified by the Married Woman's act, amounts in its essential features to a tenancy in common for the joint lives with remainder to the survivor.

2. By the husband's conveyance of his interest in such an estate the grantee becomes tenant in common with the wife but only for the joint lives of husband and wife.

3. Such grantee may maintain partition against the wife, but the right is limited to the aforesaid tenancy in common for the joint lives.

4. A motion to strike out a bill, under chancery rule 213, is in the nature of a demurrer.

5. Demurrer will not lie to the whole bill when the prayer is too broad, but should be restricted to that part of the relief prayed to which complainant is not entitled.

On appeal from order advised by Vice-Chancellor Walker, denying motion made under rule 213 of the court of chancery to strike out the bill of complaint. The vice-chancellor filed the following memorandum:

"WALKER, V. C.   This is a bill for partition. The complainant is the daughter of the defendant. The lands sought to be partitioned were deeded to the defendant and her husband who thereupon became tenants of the premises by entirety. The husband and father conveyed all his right, title and interest in the lands to his daughter, the complainant, and thereupon the mother and daughter, the bill alleges:

" 'Became seized thereof as tenants in common in fee-simple in the said premises for and during the joint lives of the said Jacob Ziegler and said Louisa Ziegler, his wife.'

"It is of course erroneous to plead that parties, complainant

and defendant, became seized 'in fee-simple' during the joint lives, &c. A life estate is not a fee-simple. What they became by virtue of the father's conveyance to the daughter was tenants in common for the joint lives of the parents. The father's conveyance to the daughter did not operate in anywise to limit the estate of the wife or her right to the survivorship; and it seems that it will not defeat his right of survivorship, but that it amounts only to a conveyance of his right of possession during his life, and that it cannot operate to let in a third party as tenant by entirety with his wife. That estate exists only between husband and wife, and neither can dispose of any part of it without the assent of the other, the peculiar interest and estate not being severable. *Den* v. *Gardner,* 20 *N. J. Law (Spenc.)* 556. The husband can, however, alienate his interest in the estate for his own life. *Ibid.* See also *Servis* v. *Dorn,* 76 *N. J. Eq. (6 Buch.)* 241. Life tenants may be tenants in common and their estates may be partitioned. *Roarty* v. *Smith,* 53 *N. J. Eq. (8 Dick.)* 253, 255.

"The defendant is entitled to the enjoyment of her estate in the lands during the lifetime of herself and her husband by virtue of the Married Woman's act of 1852. *Servis* v. *Dorn, supra.* The complainant is entitled to the enjoyment of the estate and interest in the lands which she derived from her father's conveyance, during the joint lives of her father and her mother, the defendant.

"The first section of our Partition act (*P. L. 1898 p. 644; Comp. Stat. p. 3897*), gives the right to partition to tenants in common, and the parties to this suit are such. True, their estate is less than a fee-simple, but it is an estate for the joint lives of the parents of the complainant, and such an estate is partible.

"If the premises should prove not to be susceptible of division between the parties, and shall be ordered to be sold, the purchaser's estate will terminate upon the death of either Mr. or Mrs. Ziegler.

"The motion to strike out the bill must be denied, with costs."

*Mr. George S. Silzer,* for the appellant.

*Mr. Charles T. Cowenhoven*, for the respondent.

The opinion of the court was delivered by

PARKER, J.

We concur in the result reached by the court below and for the most part, upon the grounds expressed in the foregoing memorandum of Vice-Chancellor (now Chancellor) Walker.

In *Buttlar* v. *Rosenblath, 42 N. J. Eq. (15 Stew.) 651*, it was decided that by virtue of the Married Woman's act the estate by entireties was affected in such a way as to endow the wife with the capacity, during the joint lives, to hold in her possession as a single female one-half the estate in common with her husband, the right of survivorship still existing as at common law. The same case holds that the act did not turn the estate by entireties into a tenancy in common; but this must be read in view of the decision below (*7 N. J. L. J. 143*), which was that it was a general tenancy in common, *i. e.*, in fee; such an estate, in other words, as would have vested under the statute by a deed to two persons not husband and wife, without words of joint tenancy. *Comp. Stat. p. 1538 § 15.* The essential point guarded by our decision was the preservation of the right of survivorship as at common law. Whatever the estate during the joint lives may be called, it is in effect a tenancy in common between husband and wife, or between the husband's grantee and the wife, during the joint lives, with remainder to the survivor. The essential feature of a tenancy in common is the unity of possession, as distinct from unity of title, interest, or time of creation. *2 Bl. Com. 191.* Such a tenancy is partible by the express language of the statute. Were this not so, the creditors who in *Buttlar* v. *Rosenblath* enforced their claims against the husband's interest would be compelled to sit idly by and wait to see which would die first, the husband or the wife, or else enter during his lifetime into joint occupancy of the premises with her.

We hold, therefore, that by virtue of an estate by entireties, as modified by the Married Woman's act, the seisin of husband and wife during the joint lives is essentially a tenancy in com-

mon, terminated on the death of either, with remainder in fee to the survivor; and that the right of the husband may be transferred by him to a third party who thereby becomes tenant in common for the joint lives in the husband's place; and that partition may be had between such purchaser and the wife of this tenancy in common, but without affecting in any way the common law right of survivorship.

It is suggested that the bill should have been struck out because the prayer is too broad in asking for the absolute sale of the premises instead of limiting such sale to the right of possession during the joint lives. But a motion to strike out a bill under the rule now numbered 213, which for present purposes is identical with rule 224 prefixed to *41 N. J. Eq.* (*14 Stew.*) reports, is in the nature of a demurrer; *Stevenson* v. *Morgan, 68 N. J. Eq.* (*18 Dick.*) *707; Hanneman* v. *Richter, Id. 753; Holton* v. *Holton, 72 N. J. Eq.* (*2 Buch.*) *312;* and a demurrer will not lie to the whole bill when the prayer is too broad, but only to the part of the relief to which complainant is not entitled. *Whitbeck* v. *Edgar, 2 Barb. Ch. 106.*

The order appealed from will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, TREACY—15.

*For reversal*—None.