RAYMOND P. WORTENDYKE, trustee, &c., complainant-respondent,

*v.*

LOUIS RAYOT et al., defendants-appellants.

[Submitted March term, 1917.   Decided September 13th, 1917.]

Where husband and wife, as tenants by the entirety, conveyed real estate, the conveyance being held valid as to the wife but fraudulent as to the husband, the only interest therein subject to execution against the husband is the interest of the husband as a tenant by the entirety, and not an equal undivided half interest.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Griffin, whose opinion is reported in *87 N. J. Eq. 159.*

*Mr. Emil Walscheid,* for the appellants.

*Mr. Alexander Higgins,* for the respondent.

The opinion of the court was delivered by

KALISCH, J.

The complainant, as trustee in bankruptcy, filed his bill in the court of chancery to set aside conveyances made by Louis Rayot in fraud of his creditors.   On this appeal we find that it will be only necessary to concern ourselves with that part of the decree appealed from wherein it is adjudged that the deed of conveyance made by Louis Rayot and Margaret Rayot, his wife, to Barney Hermes, bearing date the 26th day of May, 1913, was, so far as the interest of Louis Rayot is concerned, in fraud of the creditors of the said Louis Rayot, and that such interest as now held by the said Barney Hermes is an equal undivided one-

half interest in said lands and premises and that said deed, so far as said equal undivided one-half interest in said lands and premises be and the same is hereby set aside, annulled and for nothing holden as against any execution to be issued under this decree.

It appears that prior to the 26th day of May, 1913, Rayot and his wife were the owners of an estate by the entirety. It also appears that at that time Louis Rayot was indebted to Ringger & Company in about $6,600, and to one Henry in about $200, and had no other property.

On the date previously mentioned Rayot and wife conveyed by deed the property in question to Hermes for an alleged consideration of $12,000, the vendee paying $9,600 in cash and assuming the payment of mortgages, amounting to $2,400, then existing on the premises conveyed to him.

The learned vice-chancellor found on the evidence before him, and we think properly so, that the conveyance made by Louis Rayot to Hermes to be void as to his interest as against the creditors above mentioned, but good as to the wife.

The principal attack made by counsel for appellant upon the decree is that it is erroneous in that it not only sets aside the fraudulent conveyance, but declares that Hermes took thereunder an estate which prior to that conveyance did not exist, namely, "an equal undivided half interest in said lands." We think the point is well taken.

Before the conveyance to Hermes, husband and wife held an estate as tenants by the entirety, as modified by the Married Woman's act. Then Rayot attempted, unsuccessfully, to convey all his interest to Hermes. That interest was essentially a tenancy in common terminable on the death of either Rayot or his wife, with remainder in fee to the survivor. *Schulz* v. *Ziegler, 80 N. J. Eq. 199.*

The deed having been declared void as to himself because made in fraud of creditors, his interest remained unaffected, and hence, subject to attack by those creditors.

In that situation it was error for the court to decree that the interest conveyed was an equal undivided one-half interest in

the land, because that postulates a tenancy in common, ignoring the fact that Rayot's interest would be cut off entirely by his death before his wife, or would ripen into a complete title in fee by her death before his.

The decree should be modified so as to adjudge that the interest of Rayot in the premises, subject to an execution, is the same as if his deed had not been made.

The decree will be modified in accordance with the views herein expressed.

*For affirmance*—WHITE—1.

*For reversal*—None.

*For modification*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—12.