The complainant seeks a decree of specific performance upon the following stipulation of facts:
"All of the allegations contained in the complaint except paragraph 1 are admitted by the defendants.
"Paragraph 1 of the complaint wherein it is alleged that on November 28th, 1936, complainant was seized in fee-simple of No. 28 Bleecker street, Jersey City, New Jersey, said premises being more particularly described in the complaint, is denied.
"On July 24th, 1911, Ferdinand Mathews and Mattie Mathews, husband and wife, were seized in fee-simple, as tenants by the entirety of the above described premises.
"On January 7th, 1930, said Ferdinand Mathews made, executed and delivered a deed of said premises to his then wife, Mattie Mathews. Said deed was on January 10th, 1930, recorded in the register's office of Hudson county, New Jersey, in book 1734 of deeds for said county, at page 92.
"Subsequent to the making of said last mentioned deed, said Mattie Mathews was in possession of said lands and premises.
"By deed dated July 10th, 1936, said Mattie Mathews, having previously divorced her said husband, Ferdinand Mathews, made, executed and delivered a bargain and sale deed to complainant, Frederic W. Schumann, conveying all of her estate, right, title and interest in said lands and premises to him, which said deed was on July 11th, 1936, recorded in the register's office of Hudson county, New Jersey, in book 1881 of deeds at page 148,c."
The deed of conveyance from Ferdinand Mathews to his wife, Mattie, conveys his right, title, interest and estate in possession, and in contingent remainder, in the tenancy by the entirety in the lands and premises in question. The deed, after describing the property, says:
"Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof. *Page 441 
And also, all the estate, right, title, interest, property, possession, claim and demand whatsoever, as well in law as in equity, of the said party of the first part, of, in or to the above described premises, and every part and parcel thereof, with the appurtenances.
To have and to hold all and singular the above mentioned and described premises, together with the appurtenances, unto the said party of the second party, her heirs and assigns, to her and their own proper use, benefit and behoof forever."
A tenancy by the entirety is a tenancy in common between husband and wife for their joint life with the remainder to the survivor in fee. Buttlar v. Rosenblath, 42 N.J. Eq. 651;Wortendyke v. Rayot, 88 N.J. Eq. 331; Zubler v. Porter,98 N.J. Law 444. The husband may sell the estate for life which he holds in common with his wife. Buttlar v. Rosenblath, supra;Bilder v. Robinson, 73 N.J. Eq. 169; Schulz v. Ziegler,80 N.J. Eq. 199; Wortendyke v. Rayot, supra; Zubler v. Porter,supra.
In Schulz v. Ziegler, supra, the court said (at p. 200):
"The father's conveyance to the daughter did not operate in anywise to limit the estate of the wife or her right to the survivorship; and it seems that it will not defeat his right of survivorship, but that it amounts only to a conveyance of his right of possession during his life, and that it cannot operate to let in a third party as tenant by entirety with his wife. That estate exists only between husband and wife, and neither can dispose of any part of it without the assent of the other, the peculiar interest and estate not being severable. Den v.Gardner, 20 N.J. Law (Spenc.) 556. The husband can, however, alienate his interest in the estate for his own life.Ibid. See, also, Servis v. Dorn, 76 N.J. Eq. (6 Buch.)241. Life tenants may be tenants in common and their estate may be partitioned. Roarty v. Smith, 53 N.J. Eq. (8 Dick.)253, 255."
Under and by virtue of chapter 146 of the laws of 1927, a husband is enabled to convey directly to his wife. Hallanan v.Hamilton, 104 N.J. Law 632. Not only did the conveyance in the instant case divest the husband of all his "estate, right, title, interest, property, possession, claim and demand whatsoever, as well in law as in equity" in and to the premises, *Page 442 
but also all his "reversion and reversions, remainder and remainders, rents, issues and profits" thereto.
The habendum clause of the deed vests an estate in fee, in the grantee, "her heirs and assigns, to her and their own proper use, benefit and behoof forever." In 2 Jones on Law of RealProperty in Conveyancing (at p. 683) § 1805, the following appears:
"The husband may, however, convey his title in such an estate `(speaking of tenancies by the entirety)' to his wife through a third person; and where a husband may convey directly to his wife, his deed of land held by entireties to his wife is valid."
The same principle is enunciated in 30 Corp. Jur. 570 §102, where it is said: "The husband may convey his title to the wife through a third person. And, under a statute permitting a direct conveyance to a wife, the husband may convey the entire estate to her." Enyeart v. Kepler, 118 Ind. 34;20 N.E. Rep. 539; Hardwick v. Salzi, 93 N.Y.S. 265. In 13 R.C.L. tit."Husband and Wife" § 152, appears, "And where the common law disability of a husband to convey to his wife has been removed, it has been held that the husband may convey directly to his wife his interest in lands held by entireties, and thereby divest himself of all his interest."
The husband's conveyance of his interest in an estate by the entirety in order to be absolute, can only be effected by the assent of his wife. In this case, the wife accepted the deed from her husband and recorded it in the office of the register of the county of Hudson. She, subsequently, conveyed her title therein to the complainant. Her act in recording the deed, and her later act of conveying the premises is an indication of her assent to her former husband's act, and, in my opinion, perfects her absolute title as owner. The husband, as against the wife, and her heirs and assigns, is most effectively barred from any interest in the premises.
In Bilder v. Robinson, supra, it is suggested that a husband may convey an estate in fee, subject only to be defeated in case he should die before his wife. It is there intimated *Page 443 
that his estate in fee is an estate in expectancy which, by statute, he may convey; and, also, that in the event of surviving his wife, his deed would estop him from asserting title against his grantee. It surely would seem to be without the bounds of reason to assert that the husband could convey a life estate to his wife and, in the same breath, estop him from conveying his estate in remainder. Schulz v. Ziegler, supra.
While there appears to be no reported case in this state of a husband conveying his whole interest in an estate by the entirety, to his wife, it is my opinion that he may so convey and he may sell, convey, release, or surrender his contingent remainder directly to her.
As hereinabove indicated, by accepting the deed of conveyance or release, the wife gives her consent to her husband's conveyance of interest, and the entire estate, instead of being thus severed, vests in her absolutely. His deed to her, and to her heirs and assigns, has the effect of estopping from setting up any claim of title as against her and her heirs and assigns. Under the circumstances, I shall advise an order decreeing specific performance. *Page 444