CARMELA ZANZONICO, PLAINTIFF, v. MICHAEL ZAN-
ZONICO ET AL., DEFENDANTS.

Decided March 29, 1946.

For the plaintiff, *McCarter, English & Egner*.

For the defendant Joseph Zanzonico, *Robinson & Morris*.

SMITH, JOSEPH L., C. C. J. This case is submitted to the court without a jury. The facts are found to be as stated in the agreed stipulation of facts which are made a part hereof as if fully set forth herein.

This is an action brought by the plaintiff, Carmela Zanzonico, in which the plaintiff demands of the defendants, Michael Zanzonico, individually, and as executor of the last will of Antonio Zanzonico, deceased, Joseph Zanzonico, Ralph Russo, Vincenzo Guzzo and Manuel Monteiro, the possession of a tract of land, with appurtenances, situate in the City of Newark, County of Essex and State of New Jersey, and known as Number 295 South Seventh Street, together with the sum of $2,000 for mesne profits and damages in the sum of $10,000.

On June 26th, 1933, property described in the complaint was conveyed to Antonio Zanzonico and Carmela Zanzonico, his wife, thereby creating an estate by the entirety. Subsequently Antonio Zanzonico executed two mortgages covering said property, in which Carmela, his wife, did not join. The first of said mortgages was executed March 31st, 1936, and the second, July 27th, 1938.

A decree for money was obtained in the New Jersey Chancery Court by Antonio Zanzonico against Carmela Zanzonico, after the mortgages mentioned above were executed. A writ of execution was issued on that decree and on April 18th, 1939, the sheriff of Essex County purported to sell "all of the right, title and interest" of Carmela Zanzonico in and to the premises described in the complaint, in order to satisfy the writ. Antonio Zanzonico was the successful bidder at the sale and a sheriff's deed was delivered to him describing the same property which is embodied in the within complaint. The plaintiff does not question the regularity of the procedure by which the writ of execution was issued, the sale held, and the sheriff's deed delivered.

Antonio Zanzonico died on January 20th, 1942, devising all of his property to Michael Zanzonico, co-defendant herein.

At the time of the death of Antonio Zanzonico, Carmela Zanzonico, the plaintiff, was his wife. The defendant Joseph Zanzonico is a mortgagee in possession.

The question for this court to determine is the *quantum* of the estate which passed by the sheriff's deed under the writ of execution. It does not appear from a review of the cases that this precise point has been decided heretofore by the courts of this state.

The decisions, in other jurisdictions, are in conflict, due to the varying interpretations of the effect of statutes concerning the property rights of married women. Massachusetts, in *Lisker* v. *Askins,* 266 *Mass.* 498; 151 *N. E. Rep.* 513, holds that statutes enabling married women to hold and dispose of real property in the same manner as if they were sole, are inapplicable to estates by the entirety, and that the wife's interest in real estate held by the husband and herself, as tenants by the entirety, cannot, during their joint lives, be attached and sold by the wife's creditor. The same conclusion has been reached in Pennsylvania, where, in the case of *Beihl* v. *Martin,* 236 *Pa.* 519; 84 *Atl. Rep.* 953, the court held that the expectancy of survivorship of a man holding an estate by entireties, with his wife, is not subject to a lien in favor of his individual judgment creditors.

Under the Married Women's Property Act of Delaware, that state has held that a judgment against the husband creates no lien upon property held by husband and wife as tenants by the entireties. *Hurd* v. *Hughes,* 12 *Del. Ch.* 188; 109 *Atl. Rep.* 418.

The law of Maryland is to the same effect and holds that a tenant by the entireties, has no separate interest which can be subjected to a lien of a judgment against him alone and seized and sold on execution. *Blenard* v. *Blenard* (*Md.*), 45 *Atl. Rep.* (*2d*) 335.

On the other hand, New York, in *Hiles* v. *Fisher,* 144 *N. Y.* 306; 39 *N. E. Rep.* 337, holds that the husband has a right to mortgage his interest, which is a right to the use of an undivided half of the estate during the joint lives of husband and wife, and to the fee in the event he survives his wife. A foreclosure of the mortgage entitles the grantee to

become a tenant in common with the wife, during the joint lives of husband and wife, and owner in fee, in the event the husband survives the wife. See, also, *Bertles* v. *Nunan*, 92 *N. Y.* 152; *Moore* v. *Benson*, 167 *Ark.* 134; 268 *S. W. Rep.* 609; *Ganoe* v. *Ohmart*, 121 *Or.* 116; 254 *Pac. Rep.* 203.

The weight of authority favors the Massachusetts rule as is stated in 30 *Corp. Jur.* (at *p.* 572), § 106 (6), as follows:

"But the weight of authority is to the effect that, where real property is held as an estate in entirety, the interest of neither spouse is liable for the debts of the other, a conveyance by the husband and wife, jointly passes title to the property, clear of any claim of creditors of the husband; a judgment against one spouse alone is not, during the joint lives of the tenants of the estate, a lien on the land, and during coverture there can be no sale of any part on execution against either."

41 *Corp. Jur. Secundum, tit. "Husband and Wife,"* § 34 (at *p.* 471), states that: "the right of the survivor to the whole estate is merely an incident of an estate by the entirety and does not constitute a remainder, either vested or contingent."

At page 475 of the same volume, we find the statement that:

"Where the common law rights and disabilities of both husband and wife attach to the interest and title of each arising under a tenancy by the entirety, the wife's interest cannot be attached and sold by the wife's creditor during the joint lives of husband and wife, since the creditor cannot do that which the wife cannot do."

A conveyance of real property to a husband and wife creates an estate by the entirety and the conveyance is to the unity of husband and wife. *Buttlar* v. *Rosenbluth*, 42 *N. J. Eq.* 651; 9 *Atl. Rep.* 695. The conveyance in estates by the entirety being to the unity, the existence of the marital relation at the time of the conveyance is essential. *Den* v. *Hardenbergh*, 10 *N. J. L.* 42. The right of survivorship exists between the husband and wife since the estate belongs to the unity and the right of survivorship cannot be defeated by any conveyance which either party may make individually. *Den* v. *Gardner*, 20 *Id.* 556.

At common law real property held by the entirety is sub-

ject to seizure and sale by the husband's creditors to the extent at least of the husband's right to the possession and use of the property, during the joint lives of the spouses. *Washburn* v. *Burns,* 34 *N. J. L.* 18. But the wife's interest in real property held by husband and wife as tenants by the entirety cannot during their joint lives be attached and sold by the wife's creditor. *Lisker* v. *Askins, supra;* 41 *C. J. S., tit. Husband and Wife,"* 471, § 34.

The Married Woman's Act of 1852 in so far as it affects an estate by the entirety, gives the wife her own half of the rents and profits and limits the husband to a half interest therein during their joint lives. The statute, *N. J. S. A.* 37:2–12, which gives married women control over their individual property as though unmarried, was not intended to change the nature or character of estates held by married women. However, our highest court has held that an estate by the entirety is essentially a tenancy in common, terminated on the death of either, with remainder in fee to the survivor, and that the right of the husband may be transferred, and that partition may be had, but without in any way affecting the common law right of survivorship. *Schulz* v. *Ziegler,* 80 *N. J. Eq.* 199; 83 *Atl. Rep.* 968.

Our Court of Chancery with respect to an estate by the entirety stated that while the wife lives and is of sound mind, nothing short of a written instrument signed by her, will pass her estate. *Kip* v. *Kip,* 33 *N. J. Eq.* 213.

In the case of *Schulz* v. *Ziegler, supra,* the court held that although the right of the husband in an estate by the entirety could be transferred by conveyance to a third party, the third party would become a tenant in common with the wife in the place of the husband for the joint lives of the husband and wife. In this case, Vice-Chancellor Walker said, 80 *N. J. Eq.* (at *p.* 200); 83 *Atl. Rep.* 968:

"The father's conveyance to the daughter did not operate in anywise to limit the estate of the wife or her right to the survivorship and it seems that it will not defeat his right of survivorship. * * * If the premises should prove not to be susceptible of division between the parties, and shall be ordered to be sold, the purchaser's estate will terminate upon the death of either Mr. or Mrs. Ziegler."

On appeal, Mr. Justice Parker, 80 *N. J. Eq.* (at *p.* 201); 83 *Atl. Rep.* (at *p.* 969), said:

"In *Buttlar* v. *Rosenbluth,* 42 *N. J. Eq.* 651; 9 *Atl. Rep.* 695, it was decided that by virtue of the Married Woman's Act, the estate by entireties was affected in such a way as to endow the wife with the capacity during the joint lives, to hold in her possession as a single female one half the estate in common with her husband; the right of survivorship still existing as at common law. * * * The essential point guarded by our decision was the preservation of the right of survivorship as at common law.

"In *Zubler* v. *Porter,* 98 *N. J. L.* 444; 120 *Atl. Rep.* 194, the husband's interest in an estate by the entirety was sold at an execution sale and was purchased by the wife as trustee for a minor child. In speaking of the sheriff's deed, Chancellor Walker said, 98 *N. J. L.* (at *p.* 447); 120 *Atl. Rep.* (at *p.* 196), 'this conveyance divested out of Mr. Butterworth and vested in Mrs. Butterworth, as trustee, the former's estate in the land as potential tenant in common with her for the joint lives of both of them, leaving him only the remainder of the entire estate in the event of his surviving her.' "

The right of survivorship and the right to the use and possession of the property during the joint lives of the husband and wife are separate interests in the estate and the Married Woman's Act has been interpreted by our courts to affect only the latter. In *Washburn* v. *Burns, supra,* Chief Justice Beasley, speaking for the court, said, 34 *N. J. L.* (at *p.* 20):

"It is true that the husband cannot alien any part of the estate which he holds in the same right with his wife. To do that would be to sever its unity and thus destroy its peculiar characteristics. The reason he cannot do this is that it would convert the estate into a tenancy in common and defeat the right of survivorship. But the husband has an interest which does not flow from the unity of the estate, and in which the wife has no concern. He is entitled to the use and possession during the joint lives of himself and wife."

This case evidently overlooked the effect of the Married Woman's Act in giving the wife her one-half interest in the rents and profits.

With reference to the Married Woman's Act of 1853, Mr. Justice Van Syckel, in *Buttlar* v. *Rosenbluth, supra,* said, 42 *N. J. Eq.* (at *pp.* 653 and 657); 9 *Atl. Rep.* (at *p.* 696):

"The statute does not purport to deprive or limit the estate husband and wife shall take in lands conveyed to them jointly. It does not charge or modify in anywise the signification or effect of terms used in common law conveyances. * * * I think, therefore, that the just construction of this legislation, and the one in harmony with its spirit and general purpose, is that the wife is endowed with the capacity, during the joint lives, to hold in her possession, as a single female, one half the estate, in common with her husband, and that the right of survivorship still exists as at common law."

In *Vunk* v. *Raritan River Railroad Co.,* 56 *N. J. L.* 395; 28 *Atl. Rep.* 593, the court held that the effect of the Married Woman's Act upon an estate by the entirety was to endow the wife with the capacity, during their joint lives, to hold in her possession as a single female one half the estate in common with her husband, and the right of survivorship subsisting as at common law. The Court of Errors and Appeals in *Hopper* v. *Gurtman,* 126 *N. J. L.* 263 (at *p.* 276); 18 *Atl. Rep.* (2d) 245, 252, by Mr. Justice Heher, said:

"It is the prevalent rule that during coverture, an estate in lands by the entirety is not reachable by execution upon a judgment against either spouse, since they are seized of the whole, and not of a moiety or share, for each is seized *per tout et non per my,* and, in contemplation of law, there is but one estate held by one person. Yet it is the settled rule in this state that each has an alienable estate subject also to execution."

It appears, therefore, that the alienable estate subject to execution extends only to the use and possession, rent and profits of the lands which each tenant by the entirety enjoys for the period of their joint lives. This court therefore holds that the right of survivorship is unaffected by the Married Woman's Act, and that it exists as at common law. At common law the right of survivorship of the wife, in an estate by the entirety, was not subject to execution. The common law incidents of the marriage relation as they affect an estate by

the entirety were not extinguished by the Married Woman's Act, as it must clearly appear that such was the intent of the legislature before our courts will so rule. In the instant case, the sheriff's deed passed the right of the wife to the rents and profits in the lands for the period of the joint lives of Mr. and Mrs. Antonio Zanzonico. Her right of survivorship remained. It is subject to the principles of the common law and by them, the plaintiff, Carmela Zanzonico, is entitled, her husband being dead, to the possession of the whole premises.

Judgment may be entered accordingly.