17 N.J. Super. 269 (1952)
85 A.2d 550
FRANK J. DWORAN, PLAINTIFF,
v.
STANLEY, J. MILOSZEWSKI, DEFENDANT.
Superior Court of New Jersey, Camden County Court Law Division.
Decided January 7, 1952.
*270 Mr. William C. Gotshalk, attorney for plaintiff.
Mr. Abraham Greenberg, attorney for claimant Voigt, Inc.
Mr. Edwin G. Segal, pro se.
Mr. Douglas B. Tyler, amicus curiae.
*271 SHEEHAN, J.C.C.
This proceeding had its origin in the County Court through the docketing of a judgment on January 30, 1951, previously entered in the Camden County District Court, on which this supplementary action of the judgment creditor seeks an order of garnishment against the West Jersey Title & Guaranty Company on funds held by it allegedly belonging to the judgment debtor. Notice of this application was served upon the title company and Edwin G. Segal, Esq., as well as upon the judgment debtor. Thereafter an additional creditor, Albert H. Voigt, Inc., was given leave to intervene and arguments and memoranda were heard and submitted on behalf of these interested parties as well as counsel for the Camden Electric Fixture Company who appears in support of the claim made by Edwin G. Segal.
The relevant facts are undisputed and may be summarized from the several affidavits as follows: The Camden Electric Fixture Company recovered a judgment against Stanley J. Miloszewski in this court on August 30, 1950, and executed upon a dwelling owned by him and his wife Stella L. Miloszewski at 142 Richey Avenue, Collingswood. Though the property was encumbered by a mortgage then in default and under threat of foreclosure, the Camden Electric Fixture Company advertised the property for sale by the sheriff under its judgment. Representations were then made to the executing creditor on behalf of his wife, Stella L. Miloszewski, that a sale of the property could be negotiated which would satisfy it and protect her equity. At the same time Edwin G. Segal, Esq., attorney for the husband, requested an adjournment of the sheriff's sale in order that he might also seek a purchaser. This request was granted upon payment by Mr. Segal of the sum of $500 on account of the judgment and the sale was postponed from week to week for three weeks. At the end of that time, since no arrangement for the purchase of the property had been made either by the husband or the wife, the sheriff's sale was held and the Camden Electric Fixture Company obtained a deed conveying to it *272 all the right, title and interest of the judgment debtor Stanley J. Miloszewski in the property.
Thereafter a purchaser was obtained by the wife's attorney and an agreement of sale was executed by her and the Camden Electric Fixture Company as sellers and George R. Jung as buyer with a provision declaring that:
"After deduction of above the net shall be divided in half, the first half of which, clear of any other charges whatsoever shall be paid to Stella L. Miloszewski, and the remaining half shall be paid to Camden Electric Fixture Company."
Settlement under this agreement was held at the offices of the West Jersey Title & Guaranty Company but before that Stella L. Miloszewski had herself executed a deed to the property conveying her interest therein to the Camden Electric Fixture Company. Also prior to the settlement the Camden Electric Fixture Company had agreed with Mr. Segal that any moneys up to the amount of $750 which remained after the distribution provided for in the agreement of sale were to be paid to him. This amounted to the sum of $654.45 which was earmarked on the settlement sheet to "Stanley J. Miloszewski and Edwin G. Segal. Atty." It is this fund which each of the claimants contends is due to it or him.
The claimant Dworan, after having docketed his judgment on January 30, 1951, made no levy upon the real estate jointly owned by the husband and wife, but on June 29, 1951, levied on the fund in the hands of the title company.
The claimant Voigt, Inc., whose judgment was dated January 27, 1951, levied on the real estate on February 20, 1951, and followed that with an execution on the fund held by the title company on July 17, 1951.
Mr. Segal rests his claim upon the asserted right of the Camden Electric Fixture Company as the owners of the property in fee simple through the conveyances to it of the respective interests of the Miloszewskis, husband and wife, through the sheriff's deed upon execution of the interest of *273 the former and the individual voluntary deed of her interest by the latter.
The claimant Voigt, Inc., contends that the Camden Electric Fixture Company acquired by its execution, sheriff's deed and personal deed only the right to satisfaction of its debt in full and no more; that any attempt by it to control or direct the disposition of moneys in excess thereof was a nullity. This being so, Voigt acquired the seniority of the lien position previously enjoyed by Camden Electric Fixture Company and succeeds to the same right to satisfaction of its debt in full, as a preferred creditor.
The claimant Dworan contends that execution upon the judgment debtor's interest in real estate owned by him as a tenant by the entirety is effective to encompass and attach only his right to the joint possession and use of the property with his wife so long as they both live. It is contended that an underlying and more substantial interest was vested in the judgment debtor by virtue of this tenancy, an interest unextinguishable by any judgment, levy or sale unless against both, as it is unalienable unless by grant of both.
Among the incidents of this interest is the right of survivorship which, upon the prior death of the debtor's wife, would emerge de facto in him as an unconditioned, illimitable title in fee simple. A further fact not mentioned in the affidavits but conceded on the oral argument should here be mentioned, and that is that the title company, despite the Camden Electric Fixture Company's insistence that it was not necessary, required the execution by Stanley Miloszewski of a quit-claim deed in favor of the Camden Electric Fixture Company. No significance as an admission against the latter is accorded the conveyance in this determination but it is mentioned together with the fact that it post-dated both the sale and the settlement and was at the time of this application still unrecorded, only to establish as well its lack of significance as a bar to any intervening levy. It is urged, finally, by Dworan that this interest was transmitted to the moneys produced by the sale and must be accounted *274 for by the parties either to the judgment debtor or such creditor whose position with respect to such proceeds is first, and that this position must be determined, since it is personalty according to the priority in time of the levies made upon it.
The resolution of these conflicting claims depends upon the nature of Stanley Miloszewski's interest as a tenant by the entireties and the effect of its sale under execution. That it is one peculiar, if not unique, is apparent from the treatment of practically every court in this State's judicial system, by those of final appellate jurisdiction as well as by many of original instance. One of the earlier declarations may be found in Den ex dem. Wyckoff v. Gardner, 20 N.J.L. 556 (1846), where the Supreme Court in two concurring opinions said:
"The husband and wife, it is true, have what is called a peculiar estate; peculiar,  for although conveyed to them jointly, they are not properly joint tenants, neither are they tenants in common; it is a species of tenancy which arises from the legal notion of the unity of their persons. The husband and wife, being considered one person in law, cannot take the estate of moieties, but both are seized of the entirety, to use the technical expression, per tout, et non per my. * * * The consequence of this peculiar estate is, that neither the husband nor wife can dispose of any part without the assent of the other, but the whole must remain to the survivor. There must be a survivorship, because the interest cannot be severed."
The concurring opinion of Chief Justice Hornblower taking up the same point declared:
"I apprehend no doubt can exist as to the true character of an estate conveyed to husband and wife, during coverture. They take neither as joint tenants nor tenants in common, but become seized of a `peculiar estate, resulting from that intimate union, whereby the legal existence of the wife is suspended during the marriage, or at least incorporated with that of the husband.'"
In no one of the innumerable later decisions touching this matter has there been any modification, much less criticism, of the principle thus established, nor is there evident any *275 tendency to weaken, refine, or qualify the absolute terms in which it was given expression. One line of cases, however, developing from the joint effect of the Married Woman's Act of 1852 and the rising incidence of litigation between spouses, recognized the distinction between the nature of the estate and the right to its enjoyment. This latter incident, fruit, or privilege, though flowing from such an indivisible, unpartible interest, is itself separate and severable either in the husband or the wife. Schulz v. Ziegler, 80 N.J. Eq. 199 (E. & A. 1912); Zubler v. Porter, 98 N.J.L. 444 (E. & A. 1923); Hopper v. Gurtman, 126 N.J.L. 263 (E. & A. 1941); Zanzonico v. Zanzonico, 24 N.J. Misc. 153 (Sup. Ct. 1946).
Hence it may, for what it is worth, be sold, aliened, or disposed of conditionally without affecting or diminishing the nature of the title or interest from which it emanates, Schulz v. Ziegler, supra, where it was declared:
"We hold, therefore, * * * that the right of the husband may be transferred by him to a third party who thereby becomes tenant in common for the joint lives in the husband's place; * * * but without affecting in any way the common law right of survivorship."
As a logical consequence of this principle it follows that this incident, fruit, or privilege is subject to execution under a judgment even though obtained individually against the husband. Hopper v. Gurtman, supra, where, citing authorities in other jurisdictions, it was held:
"In general, the liability of property for the owners' debts, except as made the subject of express legal exemptions, `is as unlimited as the power of disposition, which is an inseparable incident of ownership, when there is no legal disability, for the incurring of indebtedness for the payment of which the property may be taken is but a mode of disposition by the owner.'"
The overall effect of these decisions is to preserve to the tenancy created in a husband and wife by their joint ownership of real property a unity or entirety that is unique *276 in the marriage state and is proof against an attempt by either spouse to divest the other from it, as well as untouchable by process in execution against either of them. Equally certain is it, however, that no such restriction or limitation is put upon the use or enjoyment of property so owned, and the individual spouse may as freely deal with any advantage, benefit, or usufruct it provides as with any other personally owned property. This right accrues to any claimant under or creditor of the husband and is enforceable against him to the extent that it does not diminish the wife's right to use or enjoyment. The legal concept thus evoked may, more or less aptly, be illustrated by the plant which is rooted in the earth by its single stem but which on breaking through the ground separates into two branches each of which, though deriving its vitality from a common source, enjoys a fruitfulness all its own. Upon ripening each, also, may be picked without ill effect to the other or damage to the plant itself.
Applying these views in the instant case it results in a finding that the Camden Electric Fixture Company received with its sheriff's deed and the wife's conveyance the right to the use, enjoyment, or profits individually held by the Miloszewski's, but obtained by neither of these instruments alone or together any claim upon the fee held by them jointly in the unique interest that is a tenancy by the entireties. Having no fee it could grant none, and the consideration received for the deed is not chargeable with any condition of distribution fixed by it either in the agreement of sale or by any independent arrangement attempted by it on the arbitrary assumption that it was the owner of the fee. The division of the proceeds as provided by the agreement was no less without warrant than the undertaking to earmark what remained for the claimant, Mr. Segal. Nor can the fundamental principle be subverted by the accomplished fact here revealed in the exaction by the Camden Electric Fixture Company of its debt in full and the payment of the prescribed share to Mrs. Miloszewski. Just what procedure could have been invoked to impress upon the fund the interests held by the Camden *277 Electric Fixture Company as the holder of the unfettered right of use and enjoyment and the judgment debtor and his wife as the joint holders of the fee and to fix their respective values presents in retrospect a nice question but one that need not be considered; nor, in view of the disclosure of the subsequent execution of a deed by the husband, is it necessary to speculate upon the possibility of his wife's predeceasing him. It is sufficient here to hold that whatever remains, after the creditor and the wife took what each had demanded, belongs to the debtor husband. Under such a finding, no basis for the application of the doctrine of subrogation, in the form urged, appears and its rejection is noted simply to aver that it was considered as an equitable remedy cognizable in this law court action. In accordance with these views an order may be presented providing that the fund in the hands of the garnishee be distributed in the following order: first to the claimant Dworan in the amount of his judgment, with interest to the date of the levy, and the balance to the claimant Voigt.