100 N.J. Super. 306 (1968)
241 A.2d 841
HARRY DVORKEN, TRUSTEE IN BANKRUPTCY OF RICHARD MICHAEL BARRETT, BANKRUPT, PLAINTIFF-RESPONDENT,
v.
BARBARA BARRETT AND RICHARD MICHAEL BARRETT, HER HUSBAND, ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 1, 1968.
Decided April 15, 1968.
*307 Before Judges SULLIVAN, FOLEY and LEONARD.
Mr. Peter A. Benz argued the cause for defendant-appellant Barbara B. Barrett.
Mr. Harry Dvorken argued the cause for plaintiff-respondent.
*308 The opinion of the court was delivered by SULLIVAN, S.J.A.D.
This is still another appeal generated by the anomalous nature of an estate by the entirety.
On February 11, 1964 defendants Richard M. Barrett and Barbara Barrett, his wife, acquired title to a 3 1/2-acre tract of land in Mendham, New Jersey. Thereafter, Richard M. Barrett was adjudicated a bankrupt and Harry Dvorken was appointed his trustee in bankruptcy. The instant suit was filed by Harry Dvorken as such trustee in bankruptcy seeking a partition of the tract.
On motion of plaintiff trustee in bankruptcy for a sale of the tract, the trial court adjudicated (1) that the trustee in bankruptcy was "seized of an undivided one-half interest for the joint lives of Richard M. Barrett and Barbara Barrett and the remainder if Richard M. Barrett survives Barbara Barrett"; (2) that Barbara Barrett was "seized of an undivided one-half interest for the joint lives of Richard M. Barrett and Barbara Barrett and the remainder if she survives Richard M. Barrett."
However, the court ordered that the tract be sold by the sheriff at public sale free of the interests of the parties. It also directed that the proceeds be paid to the clerk of the court to be held subject to the same interests as the parties had in the land. The trial court bottomed its order for "partition" on King v. Greene, 30 N.J. 395 (1959), and Schulz v. Ziegler, 80 N.J. Eq. 199 (E. & A. 1912). Defendant Mrs. Barrett appeals.
We conclude that the trial court was without power to order a sale of the property free of Mrs. Barrett's entirety interest.
An estate by the entirety has been described as a remnant of other times (Weintraub, C.J. dissenting in King v. Greene, supra., at p. 413). Its anomalous nature has been fully set forth in numerous decisions. King v. Greene, supra; Mueller v. Mueller, 95 N.J. Super. 244 (App. Div. 1967). Suffice it to note that in an estate by the entirety, *309 husband and wife in effect hold as tenants in common for their joint lives; that survivorship exists which is indestructible by unilateral action, and that the rights of each spouse in the estate are alienable, the purchaser becoming a tenant in common with the remaining spouse for the joint lives of the husband and wife and acquiring the fee if the grantor spouse becomes the survivor. Creditors of a debtor spouse can levy upon and sell the debtor spouse's one-half interest in the life estate for the joint lives as well as that spouse's right of survivorship. King v. Greene, supra at pp. 412-413. However, during coverture, neither spouse may have partition of an estate by the entirety. Gery v. Gery, 113 N.J. Eq. 59, 64-65 (E. & A. 1933); Mueller v. Mueller, supra. A levying creditor, or purchaser at an execution sale, acquires no greater rights in the property than those of the debtor spouse. In King v. Greene, supra, our Supreme Court held that the levying creditor could sell the debtor spouse's one-half interest in the life estate for the joint lives as well as the debtor spouse's right of survivorship. However, nowhere was it indicated that the fee could be sold free of the survivorship interest of the non-debtor spouse.
If Mrs. Barrett survives her husband, she will become the sole owner of the property in question. This right of survivorship cannot be taken away from her without her consent. All that plaintiff trustee in bankruptcy acquired was Mr. Barrett's interest in the property. The trustee can sell such interest, i.e., the debtor spouse's one-half interest in the life estate for the joint lives as well as that spouse's right of survivorship, but he may not have partition of the fee by sale or otherwise. The reference in Schulz v. Ziegler, supra, at pp. 201-202, to partition between the purchaser of one spouse's interest in an estate by the entirety and the remaining spouse only relates to partition of the tenancy in common during the joint lives of the husband and wife and expressly states that such partition shall be had "without affecting in any way the common-law right of survivorship."
*310 Actually, the order entered by the trial court is not a true order in partition but merely an order converting the real property into a fund subject to the same interests as the parties had in the land. We know of no legal precedent for such order.
The order for sale is hereby vacated and the matter remanded for further proceedings in conformity with this opinion.