128 N.J. Super. 114 (1974)
319 A.2d 243
SILVER BAY HOMES, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
EDWARD HERRMANN AND ROSE MARIE HERRMANN, HIS WIFE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 11, 1973.
Decided April 22, 1974.
*115 Before Judges KOLOVSKY, FRITZ and CRANE.
Mr. Edward Mainardi argued the cause for appellant (Messrs. Mainardi & Mainardi, attorneys).
No brief was filed by respondents, nor was there any appearance on their behalf.
The opinion of the court was delivered by KOLOVSKY, P.J.A.D.
In 1971, when defendant Edward Herrmann was adjudicated a bankrupt, he and his wife, defendant Rose Marie Herrmann, owned as tenants by the entirety a one-family house in East Paterson, New Jersey, in which they and their children resided. It is conceded that Edward's interest in the property passed to his trustee in bankruptcy who, pursuant to an order entered on May 4, 1972 by a referee in bankruptcy, sold and transferred that interest for $1,000 to Glen Rock Lumber & Supply Co. (Glen Rock), a prior creditor of Edward.
The complaint filed herein by plaintiff, to which Glen Rock had allegedly conveyed the bankrupt's interest in the property, concluded with the allegations that defendant Rose was in possession
*116 * * * by virtue of her one-half interest as tenant by the entirety, her husband's interest being the subject of the aforesaid sale to Glen Rock Lumber and Supply Co., Inc.; [and that] [p]laintiff is seized of an undivided one-half equal interest in the subject premises with the defendant and requests that the premises be partitioned, * * *
and demanded judgment
That the life estate for the joint lives of Edward Herrmann, Jr., and Rose Marie Herrmann, his wife, be sold and that the proceeds thereof be paid to the parties according to their proportionate share.
Following the filing of an answer and counterclaim and an answer to the counterclaim, plaintiff moved
* * * for an Order directing the sale of the life estate and right of survivorship of Edward Herrmann in and to the premises which are the subject of this partition action and the proceeds be held to await the further order of this Court. [Emphasis supplied]
The affidavit filed in support of the motion, executed by a member of the firm of attorneys which represents plaintiff, embodies, without specification, an allegation that plaintiff is the "holder of an undivided one-half interest as tenant by the entirety in the premises" and the statements:
3. The premises are incapable of ordinary subdivision and consequently, must be sold to satisfy the interest of the plaintiff herein which succeeded to the interest of the defendant Edward Herrmann, husband of the holder of the remaining undivided one-half interest in the premises.
4. No claim in the nature of a dispute over the title is present, consequently, the sale must take place, any question relating to the proportionate share of the proceeds to await further disposition of this Court.
The answering affidavit filed by defendant Rose Herrmann set forth facts allegedly constituting inequitable conduct by Glen Rock, plaintiffs' affiliated corporation.
After argument on the motion the trial judge, who had reserved decision, filed a letter opinion in which he treated the matter as being before him on cross-motion for summary judgment and stated:
*117 The sole question involved is whether or not an assignee of a purchaser from a Trustee in Bankruptcy of Edward Herrmann's interest in real estate, consisting of the marital home of himself and his wife, Rose M. Herrmann, owned by them as tenants by the entirities [sic], has standing to be entitled to have the entire property sold (physical partition being otherwise impractical) and the proceeds apportioned between the wife and the plaintiff-assignee.
The court's conclusion that "plaintiff does not have that right" and its denial of plaintiff's motion to have the entire premises sold was correct, Dvorken v. Barrett, 100 N.J. Super. 306 (App. Div. 1968), aff'd o.b. 53 N.J. 20 (1968), even if we were to disregard the absence of proof that Glen Rock had conveyed the interest in the property which it purchased from Edward's trustee in bankruptcy to the plaintiff and assume that plaintiff is now the owner of the interest formerly vested in Edward.
As the result of the transfer of the interest of the husband, Edward, by his trustee in bankruptcy, the transferee became a tenant in common with the wife Rose for the joint lives of the husband and wife and was vested with the husband's right of survivorship so that it would acquire the fee if the husband survived the wife. King v. Greene, 30 N.J. 395 (1959); Dvorken v. Barrett, supra.
However, if the wife survives the husband, "she will become the sole owner of the property * * *. [Her] right of survivorship cannot be taken away from her without her consent. * * * [The purchaser] may not have [as plaintiff's motion sought] partition of the fee by sale or otherwise." Dvorken v. Barrett, supra 100 N.J. Super. at 309.
The question remains, however, whether the court ruled properly in dismissing plaintiff's complaint which prayed  as did plaintiff's attorney in his argument on the motion despite the broader relief sought in the motion itself  not a sale of the fee but a partition and sale only of the tenancy in common for the joint lives of the husband and wife.
*118 Controlling precedent  which binds us even though, as hereafter noted, we disagree with it in principle  indicates that the purchaser of the husband's interest may have partition by sale of the tenancy in common for the joint lives of the husband and wife  a sale which will not affect in any way the rights of survivorship. Schulz v. Ziegler, 80 N.J. Eq. 199, 202 (E. & A. 1912); King v. Greene, supra, 30 N.J. at 408; Gery v. Gery, 113 N.J. Eq. 59, 63-65 (E. & A. 1933).
In Schulz v. Ziegler, supra, a husband and wife owned property as tenants by the entirety. The husband conveyed all his right, title and interest to his daughter, who then filed a bill for partition. The court sustained the daughter's right to seek partition, but only of the tenancy in common for the joint lives of the husband and wife, saying:
We hold, therefore, that by virtue of an estate by entireties, as modified by the Married Woman's act, the seisin of husband and wife during the joint lives is essentially a tenancy in common, terminated on the death of either, with remainder in fee to the survivor; and that the right of the husband may be transferred by him to a third party who thereby becomes tenant in common for the joint lives in the husband's place; and that partition may be had between such purchaser and the wife of this tenancy in common, but without affecting in any way the common law right of survivorship.
It is suggested that the bill should have been struck out because the prayer is too broad in asking for the absolute sale of the premises instead of limiting such sale to the right of possession during the joint lives. But a motion to strike out a bill * * * is in the nature of a demurrer, * * * and a demurrer will not lie to the whole bill when the prayer is too broad, but only to the part of the relief to which complainant is not entitled.
The trial judge should therefore not have stricken the complaint. If plaintiff proves the allegations of its complaint and defendants do not show any valid reasons why plaintiff should be barred from maintaining this action, plaintiff is entitled, under existing law, to a judgment for the partition of the tenancy in common for the joint lives of the husband and wife. Since physical partition is impracticable, a partition sale of that tenancy in common may be ordered. *119 Schulz v. Ziegler, supra; Buckis v. Townsend, 100 N.J. Eq. 374 (Ch. 1927). It is of no legal significance that because of the uncertain duration of that tenancy in common a sale thereof may not produce a substantial sales price.
We, as an intermediate appellate court, must follow the decision in Schulz v. Ziegler. Only the Supreme Court, to which defendants may petition for certification despite their failure to appear in this court, has power to change the rule of Schulz v. Ziegler. On principle, we see no justification for the rule which gives the purchaser of the husband's interest greater rights than those which the husband possessed, and unnecessarily authorizes the dispossession of the wife. In our opinion the purchaser should be relegated to the same adequate remedy which was available to the husband  an action for an accounting of one-half of the fair rental value of the premises, a remedy which will not sacrifice the rights of either party.
As Schulz v. Ziegler, supra, recognized, "the seisin of husband and wife during the joint lives is essentially a tenancy in common, terminated on the death of either, with remainder in fee to the survivor." 80 N.J. Eq. at 201-202. Neither spouse, however, may maintain an action against the other for partition of the tenancy in common. Gery v. Gery, 113 N.J. Eq. 59 (E. & A. 1933). The only remedy available to a spouse excluded from possession is an accounting for rents and profits or for his or her proportionate share of the fair rental value of the property. Neubeck v. Neubeck, 94 N.J. Eq. 167 (E. & A. 1922). (See also, Bilder v. Robinson, 73 N.J. Eq. 169 (Ch. 1907), in which the purchaser at an execution sale of the interest of the husband in property owned by him and his wife as tenants by the entirety was held entitled to the relief there prayed, an accounting of the rents and profits and the appointment of a receiver for the income producing property.)
We are not persuaded by the only justification appearing in the cases for granting the husband's transferee greater *120 rights than the husband had possessed  that set forth in Gery v. Gery, supra, as follows:
* * * the estate by the entirety has not been abolished in this jurisdiction. It still exists, a sui generis species of tenancy with its origin solely in the marriage state and retaining so long as the title, during coverture, remains in the husband and the wife, the fundamental characteristic that each spouse is seized of the whole or the entirety and not of a share, moiety or divisible part; to use the ancient law Latin, the seizin, during the period named, is per tout et non per my as distinguished from a tenancy in common which is per my et non per tout and from a joint tenancy which is per my et per tout. If either the husband or the wife conveys his or her interest for the period of the joint lives to a third person, as we held in the Schulz Case could be done, then the per tout aspect of the estate falls with the reason for its existence and the retaining spouse and the stranger become tenants in common during the joint lives of husband and wife, leaving little that is characteristic of an estate by the entirety except the incident of survivorship.
The denial of plaintiff's motion for an order directing a sale of the premises is affirmed. The dismissal of the complaint is reversed and the cause remanded for further proceedings consistent with this opinion. No costs to either party on this appeal.