AL. EITNER, INCORPORATED, PLAINTIFF-RESPONDENT, v. EUGENE McGUIRE, DEFENDANT-PROSECUTOR.

Submitted October term, 1930—Decided January 20, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, *Michael J. Tansey.*

For the respondent, *Richard H. Cashion.*

PER CURIAM.

There is before us, for review, a judgment of the Second District Court of Newark in a landlord and tenant proceeding, dispossessing the prosecutor from the first floor and cellar of the premises known as 526 Sanford avenue, Newark, which he had gone into and continued in possession of under a letting with one Tansey, the then owner, on May 1st, 1930,

having paid to his said landlord the rent for the month of May but not having paid that for the month of June. The premises were sold by the sheriff of Essex county under an execution in foreclosure proceedings on April 29th, 1930, to the respondent, and the deed by such officer was delivered to it on May 10th, 1930.

On June 25th, 1930, the respondent, by its duly authorized agent, made and filed in the District Court, an affidavit seting up that the prosecutor was in the occupancy and possession of the premises in question under an agreement made between him and Michael J. Tansey, "former owner of the said premises," on May 1st, 1930, whereby Tansey let and rented the premises to prosecutor from month to month from May 1st, 1930, at the monthly rental of $50, payable in advance; that on May 10th, 1930, the sheriff of Essex county delivered to the respondent a deed for said premises under a sale of April 29th, 1930, pursuant to a *fieri facias* dated February 11th, 1930, in a foreclosure proceeding wherein Alfred Eitner was complainant and Michael J. Tansey and others were defendants, "whereupon Al. Eitner, Inc., * * * became the owner of said premises and was thereafter entitled to the rents, issues and profits" thereof; that the said prosecutor was then indebted to the respondent in the sum of $50 for one month's rent of said premises, due June 1st, 1930; that on June 19th, 1930, demand was made upon him for payment of said rent and requiring such payment of said rent and requiring such payment within three days or possession of the leased premises, and that prosecutor neither paid the rent nor delivered up possession of the premises.

Thereupon a summons was issued, returnable June 30th, 1930. On said return day both prosecutor-defendant and respondent-plaintiff appeared and the former questioned that title and right of possession of the latter, who to establish this offered in evidence the sheriff's deed and it was received by the trial judge over objection of the prosecutor. There was no proof of any relationship of landlord and tenant existing as between the parties.

Against, and in face of, these objections the trial court awarded a judgment for possession against the prosecutor and in favor of the respondent.

The validity of this judgment is attacked here upon the ground that it was necessary for the respondent to clothe the court with jurisdiction, to prove and establish title to the premises and that is beyond the jurisdiction of the court below under section 18f of the Landlord and Tenant act (3 *Comp. Stat., p.* 3074), and which is in language following: "If upon the said trial the plaintiff shall not be able to prove, by lease or other evidence, his right to possession of the premises claimed by him, without proving title to lands, tenements and hereditaments, it shall be the duty of the said judge or justice of the peace to dismiss the action."

In *Watson* v. *Idler,* 54 *N. J. L.* 467, this question was not decided because the tenant did not appear "so of all the jurisdictional facts set forth in the affidavit, no further proof of their existence becomes necessary, unless it is demanded by the tenant" said this court.

In *Lloyd* v. *Richman,* 57 *N. J. L.* 385, the point was not decided because the record brought up did not show the proof presented to the court below.

In *Roberts* v. *McPherson,* 62 *N. J. L.* 165, as in Watson *v.* Idler, the point was not before the court because the defendant below had not required proof to be made of the facts authorizing his removal.

The authorities cited by respondent that a tenant may not, in such proceedings, question the title of his landlord are well enough in their place, but have no application here because the relation of landlord and tenant, as between the prosecutor and respondent, did not exist.

So, also, are the authorities cited, holding that a purchaser at an execution sale acquires the right, title and interest of his debtor in the lands so sold and purchased, good to the extent indicated, but these do not reach the question here involved under the section of the Landlord and Tenant act before referred to.

The situation here, plainly presented, is that the respondent, being called upon to produce proof of his right to possession of the premises was unable to do so except by proving title, and under the plain terms of the statute, before referred to, when put to this, the court below was without jurisdiction.

The judgment below must therefore be reversed and set aside, with costs.