Archibald C. Wemple, J.
The petitioner herein commenced a summary proceeding on July 1, 1960 returnable in this court July 19, 1960, asking for possession of premises located on Ridge Road, Town of Glenville, Schenectady County, and for a judgment for rent due from June 15, 1960. In her petition the petitioner alleged that the defendants continued in possession of the premises after the expiration of their term. On the return date of the precept defendants’ counsel in open court contended that Mr. Stanton Ablett, the trustee in bankruptcy for Charles A. Pastore, a co-owner of the property, should be a party to this proceeding. This court held that the petitioner, Clara Pastore, alone was a proper party as petitioner in this *44 summary proceeding, but that said trustee could apply to intervene or be brought in as a party. The matter was adjourned until September 6,1960.
On or about August 3, 1960, Stanton Ablett, as trustee in bankruptcy for Charles A. Pastore, filed a motion for an order to be brought in as a defendant in this proceeding and to have permission to serve an answer on the return date. On the return date there was no appearance on the part of the said trustee or his attorney. Thereupon the order and warrant of eviction were granted to the petitioner. Defendants now contend that the failure of the trustee to appear was due to the illness of the trustee’s attorney, one Nathan H. Richman. However, the fact remains that the trustee in bankruptcy for Charles Pastore never became a party to this proceeding. Likewise, it follows that Clara Pastore, as one of the co-owners of the property, had authority to bring this proceeding in her name only.
The law is clear that either tenant by the entirety is entitled to possession of premises jointly owned and either could commence a summary proceeding such as this. It is doubtful that a stranger to the co-ownership — in this case the trustee in bankruptcy for the husband — is qualified to exercise the rights of the co-owner for whom he is acting. The trustee’s rights would seem to be limited to income from the property receivable by the bankrupt and any rights of ownership subject, of course, to survivorship of the bankrupt.
The proposed answer and defense of the defendants is insufficient in law. It relates to and is predicated upon an arrangement for rental made with or sanctioned by the bankrupt’s trustee. Such an agreement is not binding upon the petitioner who was not a party thereto and who apparently refused to ratify it.
The petitioner alleges that the defendants’ term has expired as of June 15,1960. The petitioner contends that the defendant tenants held over without her permission. The defendants answer by saying — •“ We have permission to rent from the bankrupt husband’s trustee ”. This is hot sufficient to contradict or put in issue the allegation of the petition relating to possession and holding over by defendants without “ legal right ’ ’ after expiration of the tenancy.
Application to open default denied. Defendants may apply for reasonable stay upon terms.