95 N.J. Super. 244 (1967)
230 A.2d 534
JOHN H. MUELLER, PLAINTIFF-APPELLANT,
v.
ADELE C. MUELLER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 22, 1967.
Decided June 6, 1967.
*246 Before Judges SULLIVAN, KOLOVSKY and CARTON.
Mr. Murray A. Laiks argued the cause for appellant (Messrs. Heller & Laiks, attorneys).
Mr. Charles H. Hoens, Jr., argued the cause for respondent (Messrs. Lum, Biunno & Tompkins, attorneys; Mr. William J. McGee, on the brief).
The opinion of the court was delivered by SULLIVAN, S.J.A.D.
A tenancy in common is subject to partition proceedings whereas a tenancy by the entirety is not. Lawrence v. Lawrence 79 N.J. Super. 25, 32 (App. Div. 1963). This legal principle forms the background of the instant appeal which involves the issue whether N.J.S. 2A:34-6, enacted in 1949, applies retroactively to a tenancy by the entirety created prior to the statutory enactment. The statute reads:
*247 "For and during the time that any judgment for divorce from bed and board shall remain in force and effect all property rights of the parties shall be as though a judgment of absolute divorce had been entered.
In any property transaction had by either of the parties in such status the fact of the existence of such judgment shall be distinctly recited and reference to the public record thereof shall be clearly set forth."
Plaintiff John H. Mueller and defendant Adele C. Mueller were married to each other sometime prior to October 30, 1942, on which date they acquired title to a parcel of real property in North Caldwell, New Jersey. On June 14, 1945 they acquired title to another parcel adjacent to the first tract. Both deeds designated the grantees as "John H. Mueller and Adele Mueller, his wife." It is undisputed that they acquired title to both properties as tenants by the entirety.
On March 10, 1966 Adele Mueller obtained a judgment of divorce from bed and board against John H. Mueller.
On March 21, 1966 John H. Mueller instituted this action for partition of the two properties. Thereafter he moved for summary judgment on the ground that by virtue of N.J.S. 2A:34-6, supra, the divorce from bed and board had changed the tenancies by the entirety into tenancies in common so that they were now the proper subjects of a partition action.
The trial court held that N.J.S. 2A:34-6 did not apply retroactively to tenancies by the entirety which had been created prior to the enactment of the statute. Judgment was entered in favor of defendant Mrs. Mueller. Plaintiff appeals.
A judgment of divorce from bed and board (limited divorce) is not a true divorce since it does not dissolve the bonds of matrimony but merely decrees a judicial separation. Rudin v. Rudin, 104 N.J. Eq. 524 (Ch. 1929).
A tenancy by the entirety is a creature of the common law anomalous in nature, based on the legal concept that husband and wife are one. Estates by the entirety have no moities. Each spouse holds the entirety and each receives per tout et non per my.
*248 Since an absolute divorce terminates the marital relationship, it converts an estate by the entirety into a tenancy in common. Sbarbaro v. Sbarbaro, 88 N.J. Eq. 101 (Ch. 1917). However, by common law mere separation of husband and wife, whether voluntary or judicial, did not affect an estate by the entirety nor change its essential characteristics. Dorf v. Tuscarora Pipe Line Co., Ltd., 48 N.J. Super. 26, 32 (App. Div. 1957).
Tenancies by the entirety have been the subject of growing criticism in recent years as not in harmony with the usages of the community, or as based on a concept of the marriage relationship which no longer obtains. See 2 American Law of Property (1952), § 6.6(d), pp. 31-32. Legislative attention has been drawn to the fact that this kind of tenancy spawns numerous title problems and disputes.
L. 1949, c. 272, now N.J.S. 2A:34-6, was enacted to clarify the property rights of parties to a judgment of divorce from bed and board. The statute provides that while such a judgment remains in force all property rights of the parties shall be as though a judgment for absolute divorce had been entered.
Our Supreme Court, in Lavino v. Lavino, 23 N.J. 635, 640 (1957), said that the statute in question does not operate "to dislodge any inchoate right [of dower] previously existing and so it has no `retroactive effect'; the right is simply prevented from arising upon property acquired after the enactment." Decisions in other jurisdictions are generally to the same effect. See Annotation "Retrospective operation of legislation affecting estates by the entireties," 27 A.L.R.2d 868 (1953).
Here in 1942 and 1945, when the tenancies by the entirety came into existence, Mrs. Mueller acquired a right of survivorship which was not subject to termination by a divorce from bed and board. This right in the property was a valuable interest akin to an inchoate right of dower and could not be taken away from the holder thereof by subsequent legislation. Lavino, supra.
*249 The trial judge properly held that the statute did not affect tenancies by the entirety created prior to the enactment of the statute.
Affirmed.