119 N.J. Super. 116 (1972)
290 A.2d 311
AGNES CAHAYLA, PLAINTIFF,
v.
DONALD SAIKEVICH, DEFENDANT.
Superior Court of New Jersey, District Court, Bergen County.
Decided April 20, 1972.
*117 Mr. Louis J. Dinice, attorney for Plaintiff.
Mr. Donald Saikevich, pro se.
HUOT, J.D.C.
This is an action to dispossess defendant from an apartment which he occupies at 68 Steinberg Avenue, Garfield, New Jersey. Plaintiff is a tenant by the entirety *118 with her husband, George Cahayla, from whom she has been separated since 1967. She resides in the first-floor apartment; her husband does not reside with her or upon the premises. Defendant is in possession of the second-floor apartment by virtue of an agreement made with the husband, to whom he does and has paid the rent.
On November 26, 1971, plaintiff served written notice upon defendant to vacate the premises as of January 1, 1972. The husband did not join in this notice, nor in this action.
The question raised by the facts of this case is the right of this court to entertain the action.
A summary dispossess action is a creature of the Legislature and, as such, jurisdiction is limited by the statutes. Such jurisdiction is conferred upon the county district courts by N.J.S.A. 2A:6-34 but is limited by the provisions of N.J.S.A. 2A:18-51 et seq.
The prime requisite for a summary dispossess action is the existence of a landlord-tenant relationship between the parties. A plaintiff's right to possession of property without such relationship is not cognizable by a county district court. Without a landlord-tenant relationship a plaintiff must seek possession of property through a Superior Court ejectment action. Title to the property from which a defendant is sought to be dispossessed is not a requisite to jurisdiction in the court; in fact, if proof of title is required, the court loses jurisdiction of the action.
N.J.S.A. 2A:18-52 provides
If upon trial of a landlord and tenancy proceeding the plaintiff shall not be able to prove, by lease or other evidence, his right to the possession of the premises claimed by him without proving title to lands, tenements and hereditaments, the cause shall be dismissed, provided however that an assignee or grantee of a landlord may, at the trial or hearing, offer in evidence a deed or other writing for the purpose of showing the assignment or grant by the landlord. Furthermore a deed or other writing may be received for the purpose of showing the right to possession of the premises for the recovery of which the proceedings are brought.
*119 There are very few cases wherein this statute has been construed, and none of recent vintage. Nor are there any wherein the plaintiff was a tenant by the entirety seeking to dispossess a tenant who came into possession under authority of the other tenant by the entirety.
Gatti v. Meyer, 9 N.J.L.J. 271 (D. Ct. 1886), was a summary judgment under the Landlord and Tenant Act brought by a purchaser of the fee against the tenant. It was there held that "the contract of letting is one that attaches to the estate, and runs with the land. It is not a personal contract. The purchaser becomes a substituted landlord, and by virtue of his privity of estate with the original landlord he becomes a party to the contract. (Citations omitted)." (at 272). To similar effect, Watson v. Idler, 54 N.J.L. 467 (Sup. Ct. 1892).
But plaintiff here is not a purchaser of the property from the landlord.
In Eitner, Inc. v. McGuire, 9 N.J. Misc. 205, 153 A. 372 (Sup. Ct. 1931), plaintiff was the purchaser of the property at an execution sale in foreclosure proceedings. Defendant was a tenant by virtue of an agreement with the owner foreclosed against. The court said:
The situation here plainly presented is that the respondent, being called upon to produce proof of his right to possession of the premises, was unable to do so except by proving title, and under the plain terms of the statute, before referred to, [3 Comp. Stat. 3074, § 18F of the Landlord Tenant Act (L. 1913, c. 13, § 6)], when put to this, the court below was without jurisdiction. [at 208.]
It thus reversed the judgment for possession entered by the Second District Court of Newark.
This court has been unable to discover any other New Jersey cases concerning the question. The statutory law of New Jersey has been consistent in its prohibition of proof of title as grounds for a plaintiff's right of possession.
L. 1898, c. 228 (an Act Concerning District Courts), § 112 says with reference to landlord and tenant cases:
*120 If upon the said trial the plaintiff shall not be able to prove, by lease or ther evidence, his right to possession of the premises claimed by him without proving title to lands, tenements and hereditaments, it shall be the duty of the said judge to dismiss the action.
L. 1903, c. 13, § 6, an amendment to the Landlord and Tenant Act of 1874, says:
If upon the said trial the plaintiff shall not be able to prove, by lease or other evidence, his right to possession of the premises claimed by him without proving title to lands tenements and hereditaments, it shall be the duty of the said judge or justice of the peace to dismiss the action.
In L. 1904, c. 124, a slight change was made to permit the acceptance into evidence of a deed to show right of possession if the action were by an assignee or grantee and the deed was by the landlord to the plaintiff. This was a legislative codification of the determination that the contract of letting attaches to the estate and runs with the land, as expressed in Gatti v. Meyer and Watson v. Idler, supra. This permission was repeated and enlarged in L. 1905, c. 253, to permit an owner, grantee, assignee or agent to introduce a deed to show right of possession where the lands were leased by an agent of the owner in the name of the agent individually or as agent.
Thus the legislative intent has been clearly set forth and repeated. If it is necessary for a plaintiff to prove title to the lands, the case must be dismissed.
Plaintiff, however, contends that she is entitled to maintain this action and obtain a judgment for possession by virtue of her estate as a tenant by the entirety. She concededly admits she can find no case law on this question in New Jersey and classifies this action as one of "first impression in this jurisdiction." She cites and relies upon Pastore v. Hecker, 26 Misc.2d 43, 205 N.Y.S.2d 403 (Cty. Ct. 1960), where that court, without discussion or citation, said:
The law is clear that either tenant by the entirety is entitled to possession of premises jointly owned and either could commence a summary proceeding such as this. [205 N.Y.S. at 405]
*121 Pastore v. Hecker involved a summary proceeding for dispossession against a holdover tenant. Plaintiff's husband (the other tenant by the entirety) had been adjudicated a bankrupt and the trustee in bankruptcy had succeeded to his interest. The trustee was not a party to the proceedings but had made or sanctioned a rental arrangement with the tenant. A reading of the case indicates that the decision was based, not on the right of a tenant by the entirety to possession, but upon the court's conclusion of no right in the trustee to make any rental arrangement with the defendant. As the court there said, "The Trustee's rights would seem to be limited to income from the property receivable by the bankrupt and any rights of ownership subject, of course, to survivorship of the bankrupt." There is no indication that New York has a statute similar to ours.
In another New York case, Cataldi v. Cataldi, 34 Misc.2d 748, 229 N.Y.S.2d 919 (Sup. Ct. 1962), one cotenant by the entirety could not dispossess the lessee of the other cotenant by the entirety. In agreement with this position is Motor Aid v. Ray, 53 Ga. App. 722, 187 S.E. 120 (Ct. App. 1936), where a nonjoining cotenant could not obtain a dispossessory warrant to evict the lessee of the other cotenant. This appears to be the majority rule. "Effect of lease given by part only of cotenants." 49 A.L.R.2d 797, § 6 at 812.
However, none of these authorities is controlling in New Jersey. Since this is a case of novel impression it is far from clear that either tenant by the entirety is entitled to possession of premises jointly owned, in a summary dispossess proceeding brought in the county district court.
Plaintiff thus raises a question of the rights which attached to each tenant of an estate held by the entirely. Specifically, in this case, she raises two questions: (1) May one tenant rent a portion of the estate to a third party? (2) May the other tenant terminate that tenancy and obtain possession by a summary dispossess proceeding?
The attributes of an estate by the entirety is succinctly set forth in Dvorken v. Barrett, 100 N.J. Super. 306 (App. Div. 1968), aff'd 53 N.J. 20 (1968):
*122 An estate by the entirety has been described as a remnant of other times (Weintraub, C.J., dissenting in King v. Greene, supra, 30 N.J. [395] at p. 413). Its anomalous nature has been fully set forth in numerous decisions. King v. Greene, supra; Mueller v. Mueller, 95 N.J. Super. 244 (App. Div. 1967). Suffice it to note that in an estate by the entirety, husband and wife in effect hold as tenants in common for their joint lives; that survivorship exists which is indestructible by unilateral action, and that the rights of each spouse in the estate are alienable, the purchaser becoming a tenant in common with the remaining spouse for the joint lives of the husband and wife and acquiring the fee if the grantor spouse becomes the survivor. Creditors of a debtor spouse can levy upon and sell the debtor spouse's one-half interest in the life estate for the joint lives as well as that spouse's right of survivorship. King v. Greene, supra, 30 N.J. at pp. 412-413. However, during coverture, neither spouse may have partition of an estate by the entirety. Gery v. Gery, 113 N.J. Eq. 59, 64-65 (E. & A. 1933); Mueller v. Mueller, supra. A levying creditor, or purchaser at an execution sale, acquires no greater rights in the property than those of the debtor spouse. In King v. Greene, supra, our Supreme Court held that the levying creditor could sell the debtor spouse's one-half interest in the life estate for the joint lives as well as the debtor spouse's right of survivorship. However, nowhere was it indicated that the fee could be sold free of the survivorship interest of the non-debtor spouse. [100 N.J. Super. at 308]
Since it seems clear that the husband could convey to a purchaser his rights in the estate, and since a creditor could levy upon and sell the husband's interest in the life estate for the joint lives, it would appear that the husband may do something less than that. If there can be a conveyance of his entire interest and his right of survivorship in the tenancy by the entirety, then, certainly, he can convey that right or those rights for a fixed period of time short of a full conveyance of his rights, subject always to the wife's right of survivorship and possession. 49 A.L.R.2d, supra, § 4 at 804. Thus, the first question must be answered in the affirmative, that is, one tenant by the entirety may lease a portion of the estate to a third party.
The second question must be answered in the negative because the landlord-tenant relationship was established between defendant and plaintiff's husband. Plaintiff had no part in the establishment of such relationship and is not *123 able to establish her right to possession based upon a landlord-tenant relationship. That being so, this court does not have jurisdiction to determine plaintiff's right to that property which may be based upon legal theory other than landlord-tenancy.
There will be a judgment entered in favor of the defendant and against the plaintiff of no cause for action.