168 N.J. Super. 386 (1979)
403 A.2d 45
CORNELIA CHERRY, PLAINTIFF,
v.
BENJAMIN CHERRY AND SALLY HAYWARD, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided April 30, 1979.
*388 Mr. Judson L. Levin for plaintiff.
Mr. Mario V. Farco for defendants.
YANOFF, J.S.C.
This case presents another problem incident to the concept of estate by the entirety.
The matter first came before me as a county district court case in which plaintiff Cornelia Cherry sought the removal of one of the defendants, Sally Hayward, under statutory provisions dealing with forcible entry and detainer (N.J.S.A. 2A:39-2 and 5). Since title was in issue and *389 since proceedings under N.J.S.A. 39-2 are summary, it was not appropriate to reach the substance of the matter, and I so held. The second phase of the litigation arises on a complaint in the Superior Court which in the first count seeks possession against defendant Hayward, together with damages and counsel fees, and in the second count actual and punitive damages against both Hayward and codefendant Benjamin Cherry, together with mesne profits under N.J.S.A. 2A:35-2. In this count plaintiff also claims damages under N.J.S.A. 2A:65-5, which deals with actions for waste by an heir for destruction of his inheritance. Neither heir nor inheritance is involved (cf. N.J.S.A. 3A:2A-35), so I conclude that damages under this section are entirely inappropriate.
The facts established both by the taking of testimony and stipulation of counsel are not complex. Cornelia and Benjamin Cherry were married in 1977. About ten months later they purchased premises in Newark for the sum of $14,000, which was paid entirely by mortgage, taking title as tenants by the entirety. Mrs. Cherry put in $400 for closing fees. She moved some of her furniture into the house and lived there for a short time before she separated from her husband. Mr. Cherry then made a lease of what he called the second floor of the premises in question to defendant Sally Hayward for $200 a month. It is a fact that Mrs. Cherry did not consent to the lease. Cherry contends that the property is a two-family house and that there are living facilities on the first floor which he made available to Mrs. Cherry, thereby giving her her share of the estate by the entirety. Mrs. Cherry refused the offer. The fact is that the first floor is a basement without sanitary facilities, and I conclude that the contention that the premises are suitable for two separate living establishments is a sham on the part of Cherry to conceal the fact that he has in fact leased that portion of the premises which is useable as living quarters. Sally Hayward now occupies the premises with *390 her two children. Cherry testified he too occupies a room in the house. The Cherrys are separated.
By motion returnable on the trial day defendant moved to transfer the cause to the Chancery Division. No jury was demanded. R. 4:3-1(a)(2) obligates a party seeking a transfer from one trial division of the Superior Court to another to make a motion "within 10 days after the expiration of the time prescribed by" the rules for the service of the last permissible responsive pleading. The motion is, therefore, long out of time.
Both the law and equity sides of the Superior Court possess original jurisdiction of all causes of action under the 1947 Constitution. Roleri v. Lordi, 146 N.J. Super. 297, 301 (App. Div. 1977). Both can give legal relief and equitable relief. The case will be decided by a judge on either side. There is no reason why the action should be delayed for consideration of transfer to another division of the Superior Court.
The basic issue in this case is whether Cherry, as tenant by the entirety, had the right to lease the premises without the consent of Mrs. Cherry, the cotenant. I conclude that he could not do so.
The difficulty of finding an appropriate solution to the problem in this case is enhanced by "the anomalous nature of an estate by the entirety." Dvorken v. Barrett, 100 N.J. Super. 306, 308 (App. Div. 1968), aff'd 53 N.J. 20 (1968). "The inherent incongruity permeates the problem * * *." Chief Justice Weintraub, dissenting, King v. Greene, 30 N.J. 395, 418 (1959). The difficulty is increased by the relief sought. While married, one spouse may not have partition of an estate by the entirety against the other. Mueller v. Mueller, 95 N.J. Super. 244 (App. Div. 1967). But a creditor levying upon the interest of one of the spouses obtains the full interest of that spouse, including the right of survivorship. King v. Greene, supra. In that case, the creditor levied upon the interest of Mrs. King, the *391 surviving spouse. The purchaser at the execution sale conveyed to the successor in interest of Mr. King, thereby obtaining full title against Mrs. King. However, absent such joinder of the interests of both spouses, a purchaser of the interest of one of the spouses obtains only a tenancy in common subject to the right of survivorship of the other spouse. Schulz v. Zeigler, 80 N.J. Eq. 199 (E. & A. 1912); see Dvorken v. Barrett, supra.
It was upon these premises that the court in Cahayla v. Saikevich, 119 N.J. Super. 116 (Cty. Dist. Ct. 1972), based the statement that
Since it seems clear that the husband could convey to a purchaser his rights in the estate, and since a creditor could levy upon and sell the husband's interest in the life estate for the joint lives, it would appear that the husband may do something less than that. If there can be a conveyance of his entire interest and his right of survivorship in the tenancy by the entirety, then, certainly, he can convey that right or those rights for a fixed period of time short of a full conveyance of his rights, subject always to the wife's right of survivorship and possession. 49 A.L.R.2d, supra, § 4 at 804. Thus, the first question must be answered in the affirmative, that is, one tenant by the entirety may lease a portion of the estate to a third party. [at 122; emphasis supplied]
The rule in the cases which preceded Cahayla was modified by Newman v. Chase, 70 N.J. 254 (1976). Cf. Gauger v. Gauger, 73 N.J. 538 (1977); In re Houghton, 75 N.J. 462 (1978). In Newman, through the bankruptcy route, the plaintiff acquired the interest of the husband. He sought partition as against the wife, who lived together with the husband in a modest one-family house. The court held that it was error to grant partition, holding that the purchaser of the husband's interest was entitled to an accounting from the wife of one-half the imputed rental value of the house, which the court made clear would consist of the rental value of the house minus the expenses of maintaining the house. Justices Sullivan and Pashman dissented, taking the view that the purchaser was not entitled even to an accounting.
*392 Clearly, Mrs. Cherry has been ousted by Mr. Cherry from her interest in the home. As against him she is entitled to an accounting since she has the interest of a tenant in common with him during both lifetimes and is entitled to receive one-half of the net income from the premises. Lohmann v. Lohmann, 50 N.J. Super. 37 (App. Div. 1958); 57 N.J. Super. 347 (App. Div. 1959), cert. den. 31 N.J. 187 (1959). In Newman v. Chase, supra, the court said:
We think, however, that where one cotenant, with her family, remains in possession of a one-family house which is not susceptible of joint occupancy, and refuses to accede to plaintiff's demands for access to the property, such conduct clearly constitutes an ouster. [70 N.J. at 267]
As a practical matter, an accounting may have little significance. In all likelihood the cost of debt service plus taxes and the expenses of maintaining the house will exceed the rental income, plus the value of the use and occupation of the premises by Mr. Cherry. None of this was explored at trial. Determination of the facts would require another hearing.
Instead, plaintiff seeks actual and punitive damages against Mr. Cherry, apparently conceiving of the action as one in tort. For this, no authority is cited. The fact that the suit is between spouses is no longer an impediment [Merenoff v. Merenoff, 76 N.J. 535 (1978)], if there is a basic cause of action in tort. But I can find none. The rights between the spouses in an estate by the entirety are consensual in nature arising from the form of conveyance to them. Had they chosen to add the words "but not as tenants by the entirety," (see McDermott v. French, 15 N.J. Eq. 78, 80 (Ch. 1862) the estate would not have been created. Whatever may be the reaction to Mr. Cherry's conduct, it should be considered in the normal way, in an accounting.
What are Mrs. Cherry's rights against Sally Hayward? This depends upon whether Cherry validly leased to her. My conclusion is that he did not. While a tenant by *393 the entirety may convey his interest as a tenant in common (see King v. Greene and Newman v. Chase, both supra), he may not do so as an ouster of the other tenant. Jackson v. Low Cost Auto Parts, 25 Ariz. App. 515, 544 P.2d 1116 (Ct. App. 1976); Friedman v. Goodman, 222 Ga. 613, 151 S.E.2d 455 (Sup. Ct. 1966); Cf. Davis v. Shawler, 214 Kan. 501, 520 P.2d 1270 (Sup. Ct. 1974). If he does, it is an act of disseizin upon the basis of which adverse title will run. Monesson v. Alsofrom, 82 N.J. Super. 587 (App. Div. 1964). The dictum in Cahayla v. Saikevich, supra, that a tenant by the entirety may lease a portion of the premises was qualified by the statement "subject always to the wife's right of survivorship and possession" (119 N.J. Super. at 122). This statement was made in the context of a two-family house, one of the apartments of which continued to be occupied by the wife. Nevertheless, the statement is difficult to understand, if the wife is entitled to possession per my et per tout, as the cases say. If this should be the law, one spouse would be able to deprive the other of possession of a portion of the premises by a voluntary act, although he could not directly oust the other.
In this case, however, Cherry in fact, although not in form, ousted Mrs. Cherry from the whole of the useable premises. Mrs. Cherry's title is clearly superior to that of Sally Hayward, and she is entitled to possession as against her. To the extent that Newman v. Chase, supra, bears on this situation, it would seem to favor relief which puts Mrs. Cherry in possession. If the possession of both tenants by the entirety may be protected against the claim for partition by an execution creditor against one of them, certainly the right to possession of one spouse should be sustained against the subterfuge used here by the other spouse. I am aware of the problem of the separation between Mr. and Mrs. Cherry, but that should be handled in the matrimonial court.
The claim for mesne profits under N.J.S.A. 2A:35-2 and counsel fees against both Sally Hayward and Cherry will be denied. There is no provision at all under our practice for counsel fees in this situation. Mesne profits *394 may be awarded where there is a successful action in ejectment, and in a sense this action has been successful against Sally Hayward. But the primary responsibility for Mrs. Cherry's loss is Mr. Cherry's. Her remedy lies in an accounting action against him.
The judgment will provide for eviction of Sally Hayward and dismissal of Mrs. Cherry's tort action against Mr. Cherry, with leave to apply for amendment seeking an accounting, or such other relief as counsel considers appropriate.