CHAPMAN MOBILE HOMES, INC. A CORPORATION OF THE
STATE OF NEW JERSEY, PLAINTIFF, v. ANNA
HUSTON, DEFENDANT.

Superior Court of New Jersey
Law Division Special Civil Part
Cumberland County

Decided June 1, 1988.

*Edward F. Duffy* for plaintiff.

*Robert S. Greenberg* for defendant (*Schulman & Greenberg,*
attorneys).

SERATA, J.S.C.

Defendant, Anna Huston, is a holdover tenant who currently resides in the Chapman Mobile Home Park in a mobile home owned by plaintiff, Chapman Mobile Homes, Inc. On September 1, 1987, the tenant, Anna Huston, entered into a written lease agreement with plaintiff to lease the mobile home for one year. On March 8, 1988, the tenant, by written notice, informed plaintiff that she would be vacating the premises by March 31, 1988. On March 15, 1988, plaintiff sent a letter to defendant informing her that the premises had been rented to a third party, effective May 1, 1988, and that she would be responsible for charges through April 30, 1988. On March 23, 1988, defendant, by letter, notified plaintiff that she would not vacate the mobile home at the end of April, and she indicated to them that she would remain for the remainder of the lease period.

On April 15, 1988, plaintiff filed a complaint for summary possession, *N.J.S.A.* 2A:18–61.1 *et seq.*, alleging the tenant's refusal to vacate pursuant to the initial notice to the landlord.

The issue in this case is whether defendant's giving of notice to vacate constitutes cause for summary eviction pursuant to the Anti–Eviction Act, *N.J.S.A.* 2A:18–61.1 *et seq.* This is an issue of first impression in New Jersey. Both parties have directed the court's attention to *Parkway Inc. v. Mabel Curry,* 162 *N.J.Super.* 410 (Cty.D.Ct.1978) Defendant maintains that *Parkway* supports her contention that the Anti–Eviction Act does not expressly authorize summary eviction of a residential holdover tenant. Furthermore, defendant claims that the statute must be strictly construed, and thus, plaintiff may not evict her.

Plaintiff asserts that *Parkway* can be distinguished on its facts. Initially, plaintiff notes that the tenant in *Parkway* had completed the full term of her lease, and she did not provide notice to the landlord that she was vacating the tenancy until six months after the end of the term of the written lease.

Moreover, plaintiff points out that the tenant's notice-to-quit the tenancy was caused by a dispute over the then existing condition of the rental unit. Finally, plaintiff notes, only after the landlord in *Parkway* imposed the statutory penalty of double rent, and the tenant's subsequent failure to pay, did he move for eviction.

Plaintiff points out that, in this case, the tenant unilaterally breached the term of the lease for her own reasons, and after plaintiff mitigated its damages, pursuant to its legal duty, defendant informed plaintiff that she had changed her mind.

Undoubtedly, plaintiff has detrimentally relied on defendant's notice-to-quit because it subsequently rented the mobile home to a new tenant, whom it is now obligated to provide a rental unit. Moreover, the subsequent rental of the mobile home has also served to mitigate their damages, pursuant to the legal duty imposed by *Sommer v. Kridel*, 74 *N.J.* 446 (1977). However, plaintiff cannot evict defendant based on her failure to adhere to her notice to terminate the tenancy, because that is not one of the designated statutory grounds for removal under the Anti–Eviction Act. This holding is not based on the county district court's holding in *Parkway*, for that case held that statutory penalty against a holdover tenant does not constitute rent due-and-owing under a lease, and thus, no grounds existed for the summary eviction under the Anti–Eviction Act. *Parkway Inc. v. Mabel Briggs Curry*, 162 *N.J.Super.* 410, 418 (Cty.D.Ct.1978).

However, this court finds compelling the county district court judge's conclusion that the "history of the Anti–Eviction Act plainly dictates that the statutory provisions authorizing summary eviction be strictly construed." *Id.* at 420. This conclusion is based on the fact that the 1974 amendments to the summary dispossess statutes sought to "destroy the ancient concept of the holdover tenant with respect to residential tenancies in summary eviction proceedings," and thus, a residential tenant may be evicted in a summary proceeding only upon the

showing of "good cause". *Id.* at 416. The statute defines good cause and it limits the grounds upon which summary eviction may be obtained. *N.J.S.A.* 2A:18–61.3. Moreover, as the district court judge noted:

> The summary dispossess remedy "is a creature of the Legislature (*Chayla v. Salkevich,* 119 *N.J.Super.* 116, 118 (Cty D.Ct.1972)), and was "intended to overcome the obstacles incident to ejectment whereby the tenant could resort to technical delays and withhold possession for an indefinite period." *LeWine, Landord and Tenant Law,* § 3231 at 486 (1962). Since the landlord's power to evict his tenant in summary proceedings "is entirely the creation of statute," *Schlesinger v. Brown,* 116 *N.J.Super.* 500, 502 (Cty.D.Ct.1971), its provisions are to be strictly construed. See *Carteret Properties v. Variety Donuts Inc.,* 49 *N.J.* 116, 124 (1967). [*Id.* at 416–417]

Plaintiff has failed to make a showing of good cause, as defined by *N.J.S.A.* 2A:18–61.1, and therefore it cannot evict defendant in a summary proceeding.

This court is aware of plaintiff's plight. Defendant wrongfully failed to adhere to her notice-to-quit. However, plaintiff has several remedies. It may bring a civil action for damages caused by defendant's conduct. *Id.* at 420. Plaintiff may also bring an action for ejectment, pursuant to *N.J.S.A.* 2A:35–1, in Superior Court. Furthermore, since defendant is a holdover tenant occupying a periodic tenancy, then plaintiff may move for double rent, pursuant to *N.J.S.A.* 2A:42–5.