837 A.2d 451

CHASE MANHATTAN MORTGAGE CORPORATION, PLAINTIFF, v. DORIS HUNT, DEFENDANT.

Superior Court of New Jersey
Law Division Essex County
Special Civil Part

Decided August 21, 2003.

*William La Tourette*, for plaintiff (*Hubschman and Roman*).

*Michael Wojcik*, for defendant (*Essex Newark Legal Services*).

FAST, J.S.C.

This case proceeded by way of two different stages—the first related to an evidentiary question, and the second related to the subsequent proceeding in this summary action for possession. They will be treated in that order.

# I

## THE EVIDENTIARY QUESTION

There is no reported [1] opinion stating whether *N.J.S.A.* 2A:81–6 applies to a summary action for possession.[2] That statute states that:

> "In all civil actions in any court of record a party shall be sworn and shall give evidence therein when called by the adverse party, but no party thereto shall be compelled to be sworn or give evidence in any action brought to recover a penalty *or to enforce a forfeiture.* This section shall not apply to actions for divorce." (Italics added.)

The answer rests in the definition of "forfeiture." Plaintiff's brief suggests that a dictionary definition is applicable and cites Black's Law Dictionary, which includes[3] as part of the definition "The loss of a right, privilege or property because of a crime, breach of obligation, or neglect of duty." My edition of that dictionary includes the phrase "e.g., default in payment."

Notwithstanding the statute, plaintiff suggests that a defendant should be required to testify when a plaintiff has taken a property through foreclosure, because otherwise a purchaser (whether the mortgagee or third party purchaser) at a foreclosure sale would have no way to determine the terms of the occupancy. Likewise, I note, the burden is on the plaintiff to prove the ground for

---

[1] Defendant cited two unreported opinions, *Cannarozzi v. Ottavale,* A–1358–87T7, App. Div., decided June 30, 1988, and *Housing Authority of the City of Newark v. Davis,* A–3928–96T1, App. Div., decided March 13, 1998. They were both summary actions for possession, although alleging other grounds than involved here, and although neither involved "an owner's or landlord's successors in possession or ownership." (See footnote 4, herein.) Both applied *N.J.S.A.* 2A:81–6, as argued by defendant here.

[2] Although it is dictum, I perceive no reason why the holding in this opinion would not apply to *any* action for possession, whether commenced in the Special Civil Part, Chancery Division (except Family Part in an action for divorce), or Law Division.

[3] The part of the definition relating to divestiture of property without compensation, is irrelevant to the issue presented here. Likewise, the issue of compensation is irrelevant to the issue presented here.

eviction, including the amount due, if any, and that if the tenant is not required to testify, then plaintiff-landlord would have no way to establish the amount due pursuant to an agreement between the former owner and the person now in possession. See *Fromet Properties, Inc. v. Buel,* 294 *N.J.Super.* 601, 610, 684 *A.2d* 83, 87 (App.Div.1996), holding that "The language of the statute places the burden of establishing one of the possible grounds for eviction upon the landlord."

There are two significant reported cases relating to this issue: *Chase Manhattan v. Josephson,* 135 *N.J.* 209, 638 *A.2d* 1301 (1994) and *Security Pacific Nat. v. Masterson,* 283 *N.J.Super.* 462, 662 *A.2d* 588 (Ch.Div.1994). Succinctly stated, *Chase Manhattan* held that a foreclosing mortgagee[4] is subject to the Anti–Eviction Act, *N.J.S.A.* 2A:18–61.1 to 61.12. In other words, an owner who takes title to property through a foreclosure cannot evict a residential tenant without proving a ground for eviction pursuant to *N.J.S.A.* 2A:18–61.1.[5] *Security Pacific* held that when the party in possession relies upon a purported lease, it is subject to inquiry by the court to determine the validity of the lease and that "Declining to inquire into the validity of leases would be tantamount to subjecting blameless mortgagees to pretextual leases." Id., at page 469, 662 *A.2d* at page 591. Although the opinion did not state the nature or extent of testimony required, it did note that the rental payments called for under the alleged lease were dramatically

---

[4] Actually, plaintiff Chase Manhattan in that case took title by deed in lieu of foreclosure, but the case proceeded as though title was acquired following a foreclosure. The Court was dealing with the 1986 amendment to *N.J.S.A.* 2A:18–61.3, which extended the Anti-eviction Act to "an owner's or landlord's successors in possession or ownership." That would be applicable to both purchasers at a sheriff's sale and those who took title by deed—whether in lieu of foreclosure or otherwise.

[5] *Chase Manhattan* involved a residential tenant and *N.J.S.A.* 2A:18–61.3 limits its applicability to tenants "covered by" *N.J.S.A.* 2A:18–61.1. I do not know of any case related to the summary eviction of a commercial tenant pursuant to *N.J.S.A.* 2A:18–53 by an "owner's or landlord's successor in ownership or possession."

below both the carrying charges for the property and the "uncontradicted appraisal provided." The opinion also said that:

"Furthermore, had this court found the lease to have been entered into at arm's length and otherwise valid, this court's inquiry would not have ended there. The next step would have been to determine whether the lease represented the fair rental value of the property or was an improvident deal from the perspective of the mortgagor. If this court had determined that the proffered lease in this case was valid but called for payments at below the fair rental value of the property, the lease would have been subject to an upward adjustment in the payments to reflect the fair rental value pursuant to the procedure outlined by the *Chase Manhattan* Court."

*Chase Manhattan v. Josephson,* supra, said that:

"We also noted in *Guttenberg* 6 the inequity of saddling mortgagees with unfavorable lease arrangements entered into by their mortgagors. 85 *N.J.* at 632, 428 *A.*2d 1289[, 1298]. The last paragraph of *N.J.S.A.* 2A:18–61.3b 7 addresses that problem by permitting a mortgagee to offer a tenant a new lease when the mortgagee is not bound by the previous one. Thus, the amendment provides that in situations in which a mortgagor has entered into an unfavorable lease subsequent to the execution of the mortgage,8 the mortgagee, on default, is not bound by that lease and can offer the tenant a new lease, presumably with more reasonable terms."

But, as noted in the dissent in *Chase Manhattan,* "If mortgagees do not take solace in the majority's assertion that they have no problems because they 'may offer a different lease to the former tenant' pursuant to *N.J.S.A.* 2A:18–61.3b(3), I, for one, would not blame them." It also said that: "Additionally, plaintiff asserts

---

6 *Guttenberg Savings and Loan Ass'n v. Rivera,* 85 *N.J.* 617, 428 A.2d 1289 (1981).

7 The last paragraph of *N.J.S.A.* 2A:18–61.3b provides that: "Where the owner's or landlord's successor in ownership or possession is not bound by the lease entered into with the former tenant and may offer a different lease to the former tenant, nothing in P.L.1986, c. 138 shall limit that right." I have found no expression of when an owner's or landlord's successor in ownership or possession is not bound by a lease made by a predecessor in interest other than *Chase Manhattan's* statement, quoted above, that situations in which a mortgagor has entered into an unfavorable lease subsequent to the execution of the mortgage, the mortgagee, on default, is not bound by that lease, and as applied by *Security Pacific.*

8 *Chase Manhattan* also held that the decision in that case would be applicable to tenancies "irrespective of whether their tenancy was established before or after the execution of the mortgage."

that the economic burdens imposed on mortgagees by the renegotiation of leases with a defaulting mortgagor's former tenants and by litigation in the event the parties cannot agree on new terms will undoubtedly make a potential mortgagee think twice about extending mortgage financing."

I have discussed both *Chase Manhattan* and *Security Pacific* even though both were addressed to the issue of the right of eviction after a foreclosure, rather than to the nature or extent of testimony needed to evict a person in possession,[9] to show that the Court has stated that the lease is subject to renegotiation pursuant to *N.J.S.A.* 2A:18–61.3b(3).

As noted however, the issues in this case arose because the plaintiff presented no witness, but instead planned to call defendant as its own witness in order to prove the amount of the rent that was due and payable. During the course of argument on that point, defense counsel objected to plaintiff calling defendant as plaintiff's witness and argued that defendant claimed an ownership interest in the property, and that since plaintiff presented no witness (and therefore did not present a *prima facie* case), that the defendant did not even have to make a *prima facie* case of ownership.

I hold that the eviction of a defendant is a type of forfeiture, contemplated by the Legislature in enacting *N.J.S.A.* 2A:81–6. Cases manifesting that this is a type of forfeiture [10] in an eviction

---

[9] The procedure may even be in issue; to wit, whether the procedure may be by summary action for possession pursuant to either *N.J.S.A.* 2A:18–53 or 61.1 or by an action seeking ejectment of the person in possession or alleging wrongful detainer, customarily commenced by an Order to Show Cause in a relationship where the defendant claims not to be a tenant, but claims the right to possession for other reasons—in fact, the argument made by defendant in this case. Another alternative procedure would be for a Writ of Possession in the foreclosure action.

[10] For further comparison, I note the application of the same principle to the termination of employment in the dissent in *Silvestri v. Optus Software, Inc.* 175

setting are: 1) *A.P. Development v. Band,* 113 *N.J.* 485, 500, 550 *A.*2d 1220, 1228 (1988), a summary action to evict defendant based on habitual late payments of rent:

"Granted, a forfeiture of land typically involves more pecuniary hardship than an eviction. However, given the acute housing shortage in this state, the total effect of *forfeiture on the tenant* can be comparable in severity to the effect of forfeiture on a purchaser of land." (Italics added.)

and 2) *Carteret Properties v. Variety Donuts, Inc.* 49 *N.J.* 116, 127, 228 *A.*2d 674, 680 (1967), a summary action to evict a commercial tenant based on an alleged breach of lease:

"The rule of construction favoring the tenant is particularly strong when resolution of ambiguous language against him will result in a forfeiture of his estate."

## CONCLUSION ON POINT I

I find that the dissent's comments in *Chase Manhattan* were prescient. Plaintiff will have the burdens of time, effort and expense to prepare and call its own witnesses to prove its *prima facie* case, and at that point, defendant will be obligated to present its evidence raising its defense, whether a question of title [11] or the amount of rent due.

My conclusion is therefore that defendant may avoid testifying at this point, in this action, contrary to the request of plaintiff, pursuant to *N.J.S.A.* 2A:81–6, and the case will be re-scheduled for additional testimony.

## II

## THE SUBSEQUENT PROCEEDING

█ The additional testimony presented at the subsequent proceeding convinced me that the plaintiff properly proceeded with

---

*N.J.* 113, 126, 814 A.2d 602, 609 (2003): "Applying an objective standard helps to ensure that the employee is not exposed to the risk of forfeiture ..."

[11] Subject to *N.J.S.A.* 2A:18–52 which precludes the court from determining issues relating to title in a summary dispossession action.

the foreclosure of the mortgage on the subject property, was the successful bidder at the Sheriff's sale, had a deed from the Sheriff, and therefore was the party entitled to possession, subject to the rights and defenses of defendant.

Defendant convinced me that she had formerly been a record owner of the property, but she also testified that any conveyance after she had become the owner was a fraudulent conveyance (apparently, based on her testimony, at the hands of certain family members) and that she had not attorned to plaintiff, and would not accept plaintiff as her landlord. She therefore disputed the right of plaintiff to proceed in this summary action for possession pursuant to *N.J.S.A.* 2A:18–61.1.

I agree with defendant's position, to wit, that the Special Civil Part does not have jurisdiction to decide the issues involved and shall dismiss the complaint, for the following reasons.

The premier case on the issue of trying title in a summary landlord and tenant dispossess proceeding is *Carr v. Johnson*, 211 *N.J.Super.* 341, 511 *A.2d* 1208, (App.Div.1986). However, that case is unlike the subject case because the plaintiff in *Carr* expressly alleged a landlord-tenant relationship, whereas a close reading of the complaint in the instant case reveals that plaintiff did not allege any agreement with the defendant (as argued by defendant.) Rather, the complaint alleges that plaintiff acquired the property through a foreclosure sale, that defendant is in possession, and that the "monthly payment" for these premises is "$800." Although the complaint does use the words "landlord," "tenant," and "later unpaid rents," no agreement has been alleged to suggest a landlord-tenant relationship[12], nor have facts been alleged to suggest such a relationship by implication. [The allega-

---

[12] By way of dictum, it appears that if the plaintiff had alleged a landlord/tenant relationship at a stated rent, and if the defendant accepted the allegation by paying the rent claimed due in a complaint for possession, there would have been an attornment, resulting in a landlord-tenant relationship, at least on a month to month basis.

tions of the complaint are reprinted as Appendix A to this opinion.]

Likewise, I have considered the express denial of jurisdiction in this court by virtue of *N.J.S.A.* 2A:18–52, entitled "Dismissal of action involving title of land." That statute states that:

"If upon trial of a landlord and tenancy proceeding the plaintiff shall not be able to prove, by lease or other evidence, his right to the possession of the premises claimed by him without proving title to lands, tenements and hereditaments, the cause *shall be dismissed,* provided however that an assignee or grantee of a landlord may, at the trial or hearing, offer in evidence a deed or other writing for the purpose of showing the assignment or grant by the landlord. Furthermore a deed or other writing may be received for the purpose of showing the right to possession of the premises for the recovery of which the proceedings are brought." [Italics added.]

That statute uses certain specific words and phrases, to wit, "landlord and tenancy proceeding," "plaintiff," and "landlord." The plaintiff must be the landlord, but a landlord need not be the owner of the property; a plaintiff in a summary action for possession pursuant to *N.J.S.A.* 2A:18–53 or 61.1 may be the owner seeking to evict a tenant, subtenant or assignee, or a tenant seeking to evict a subtenant or assignee. However, that statute also provided that "Furthermore a deed or other writing may be received for the purpose of showing the right to possession of the premises for the recovery of which the proceedings are brought."

I find an apparent inconsistency in the statute, to wit, that "the cause shall be dismissed" whereas plaintiff has the right of "showing the right to possession." I find that that apparent inconsistency requires the court to determine the good faith of defendant's allegation by way of a preliminary hearing into the allegation by the defendant as to whether the plaintiff does not have the right to possession (either as owner or landlord). To paraphrase the quote from *Security Pacific* at page 590 of this opinion, "Declining to inquire into the validity [of the claim of ownership] would be tantamount to subjecting blameless mortgages to pretextual [claims of ownership.]." Simply stated, when a defendant alleges that a plaintiff is neither an owner or landlord (whether the defendant claims ownership in him/herself or in a third party), the

court cannot simply dismiss the action, but must hold a preliminary hearing as to that defense, and therefore, "a deed or other writing may be received for the purpose of showing the right to possession of the premises for the recovery of which the proceedings are brought." If such a preliminary hearing supports defendant's claim, the matter must be dismissed, pursuant to the statute. However, if the court determines that the defendant's claim is either patently sham or frivolous, and is based on an unsupported allegation, the summary action for possession may continue. The alternative to a preliminary hearing would be that the court would have to simply dismiss the summary action if a defendant simply testified that plaintiff was neither owner nor landlord. The serious consequence of a dismissal based on an unsupported allegation obviously would be unfair to the plaintiff, who is entitled, pursuant to the statute, to put into evidence "a deed or other writing ... for the purpose of showing the right to possession ..."

In this case, evidence was presented by both parties to support their positions—evidence that I cannot say was inherently incredible. The quandary therefore presented was whether I should find which testimony was more credible. I have resolved that quandary by recognizing that if I did decide, in this action, whose testimony was more credible, I would be resolving the issue of title to the property—contrary to the prohibition of *N.J.S.A.* 2A:18–52. I therefore find that since both parties have presented evidence that, if believed, would support their positions, that the matter must be dismissed so that either party can commence or continue [or in the instance of pursuing a writ of possession in the foreclosure action] an appropriate action in an appropriate court.

I have also considered the possible resolution applied in *Carr,* to wit, to transfer the matter to either the Law or General Equity Divisions. However, keeping in mind the distinction between this case and *Carr,*[13] as pointed out above, I find that dismissal is the

---

[13] *Carr* quoted with approval from *Cahayla v. Saikevich,* 119 *N.J.Super.* 116, 290 *A.2d* 311 (Dist.Ct.1972): "The prime requisite for a summary dispossess

more appropriate procedure than a transfer [14] to another division of the Superior Court.[15]

This complaint is dismissed without prejudice.

## APPENDIX A

1. Tenant(s), **DORIS HUNT**, now resides and (is)(are) in occupancy and possession of the premises owned by the landlord and noted as above as being the address of the tenant.

2. To the best of our knowledge tenant has been in possession of these premises on a month to month basis.

3. The monthly payment for these premises if $800.00 payable on the 1st day of each month in advance.

4. The Plaintiff, **CHASE MANHATTAN MORTGAGE CORPORATION**, took possession of said premises through a Foreclosure Sale.

---

action is the existence of a landlord-tenant relationship between the parties. A plaintiff's right to possession of property without such relationship is not cognizable by a county district court. Without a landlord-tenant relationship a plaintiff must seek possession of property through a Superior Court ejectment action. Title to the property from which a defendant is sought to be dispossessed is not a requisite to jurisdiction in the court; in fact, if proof of title is required, the court loses jurisdiction of the action. [119 *N.J.Super.* at 118, 290 *A.*2d at 312]." Although *Cahayla* preceded the substantial changes wrought by the Legislature in 1974 (the "Anti-eviction Act"), *N.J.S.A.* 2A:18–52 has not been amended or rescinded.

[14] Authority for the transfer would have been found at both *N.J.S.A. 2A:18–60* "At any time before an action for the removal of a tenant comes on for trial, either the landlord or person in possession may apply to the superior court, which may, if it deems it of sufficient importance, order the cause transferred from the Special Civil Part to the Law Division[.]" or R. 6:4–1(g) which provides the procedure for the motion to transfer the case to the Law Division.

[15] The propriety of this procedure is enhanced by the fact that evidence was presented during the preliminary hearing to the effect that persons other than defendant were also living in the premises. Plaintiff undoubtedly will want to join them in the subsequent proceedings.

4A.   There is due, unpaid and owing from tenants to landlord $1,600.00 for which the Plaintiff let the tenant for the above property for the months of November 2002 and December 2002.

4B.   Tenant is hereby notified that this complaint may be amended to include all later unpaid rents, as well.

5.   Landlord has complied with N.J.S.A. 46:8–29.

**WHEREFORE**, plaintiff demand judgment against the defendant for possession of the premises together with costs.